Richard D. HAMM, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–85–220–CR.

Court of Appeals of Texas,
Corpus Christi.

April 3, 1986.

Eric Brown, Corpus Christi, for appellant.

Carlos Valdez, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

OPINION

DORSEY, Justice.

Appellant was convicted of driving while intoxicated. The Court assessed punishment at 90 days in the Nueces County Jail and a fine of $360.00.

In his sole ground of error appellant contends that the trial court erred in failing to grant his motion for instructed verdict of not guilty because there was no probable cause for law enforcement officers to stop, question or apprehend appellant. Appellant moved for instructed verdict after the State rested. No objections were made to the introduction of any evidence based on the illegality of the arrest. By failing to object to the introduction of evidence seized as a result of the allegedly illegal arrest, appellant has preserved nothing for appellate review. This is because an illegal arrest is not grounds for reversal unless fruits of the illegal arrest are admitted over objection at trial.

As stated in *Johnson v. State*, 548 S.W.2d 700 (Tex.Crim.App.1977):

A reversal of a judgment is necessary when fruits of a search and seizure made incident to an illegal arrest are admitted over a timely objection, but an unlawful

arrest itself does not necessarily require the reversal of a judgment of conviction. 548 S.W.2d at 706.

 If a conviction is not based upon the fruits of an illegal detention, the mere fact that the illegal detention occurred will not invalidate the subsequent conviction. *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Keen v. State*, 626 S.W.2d 309 (Tex.Crim.App.1981); *Lyles v. State*, 582 S.W.2d 138 (Tex.Crim.App. 1979).

 The sanction imposed against an unlawful search and seizure is the refusal to admit evidence seized in the unlawful search. Unlike an unreasonable search producing evidence offered to support a conviction, an arrest is not in itself an evidentiary element of a conviction. An unreasonable seizure of the person that does not produce evidence of culpability does not per se vitiate a conviction. *Stiggers v. State*, 506 S.W.2d 609 (Tex.Crim. App.1974). Appellant has failed to point out what, if any, evidence was improperly admitted at trial.

In *Calhoun v. State*, 466 S.W.2d 304 (Tex.Crim.App.1971), the defendant argued on appeal that the trial court erred in admitting testimony concerning his arrest and physical evidence seized from him at the time of his arrest. The defendant argued that there was no probable cause to justify his warrantless arrest. The Court of Criminal Appeals held that since there had been no objection to any testimony concerning his arrest or the subsequent search, nothing was presented for review. *See Steens v. State*, 681 S.W.2d 767 (Tex. App.—Houston [14th Dist.] 1984, no pet.).

 Although appellant, in the present case, did present a motion in the trial court concerning the arrest's legality, he failed to timely object to the tender of any inadmissible evidence. If any evidence was tainted by an alleged unlawful stop, seizure or arrest, it is necessary for the appellant to call the trial court's attention to it by proper objection. Appellant's motion for directed verdict after the State had rested its case was untimely and failed to preserve error of improper admission or illegally seized evidence. *Stubblefield v. State*, 477 S.W.2d 566 (Tex.Crim.App.1972).

Without a timely objection to the admission of evidence seized as the result of an illegal arrest, appellant preserved nothing for appellate review. *See Gross v. State*, 493 S.W.2d 791 (Tex.Crim.App.1973); *Smith v. State*, 456 S.W.2d 90 (Tex.Crim. App.1970).

The judgment of the trial court is affirmed.