Lee Darwin **SONNIER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–88–113–CR.

Court of Appeals of Texas, Beaumont.

Jan. 11, 1989.

Gaylyn Leon Cooper, Beaumont, for appellant.

John R. DeWitt, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from a conviction for aggravated robbery. Appellant brings five points of error.

Point of error one alleges the trial court permitted two amendments to appellant's indictment in violation of *TEX.CODE CRIM.PROC.ANN. art. 28.10(a) & (c)* (Vernon Supp.1988). The indictment, which originally alleged appellant committed a

robbery "on or about the 14th day of March, 1986," was amended to allege commission "on or about the 14th day of March, 1987." Also, the indictment was amended to allege theft of property owned by Bruce Poland rather than by Betty Holberg as originally alleged. Appellant objected at trial that the amendments charged him with an additional or different offense in violation of article 28.10(c), properly preserving the issue for appeal. Appellant did not, however, object at trial on the basis that the indictment was amended on the day of trial or on the basis of article 28.10(a), thus waiving these issues on appeal.

Under pre–1985 law, the Code of Criminal Procedure permitted amendments of charging instruments with regard to matters of form but not substance. *TEX. CODE CRIM.PROC.ANN. arts. 28.09, 28.-10* (Vernon 1966).[1] The 1985 amendment of article 28.09 permits amendments of matters of substance as well as form, with limitations. Article 28.10(c) as amended reads: "An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." The Code does not define "additional or different offense," nor has the Texas judiciary defined the phrase.

The amendment to article 28.10(c) had its beginnings in the 1985 amendment of article V, section 12 of the Texas Constitution, which gave the legislature power to provide for "[t]he practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites." *TEX. CONST. art. V, sec. 12(b);* Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform,* 38 BAYLOR L.REV. 1, 44 (1986). The changes in articles 28.09 and 28.10 were designed to allow amendments to indictments and informations rather than re-

---

1. Former article 28.09 and 28.10 may be found at ch. 722, sec. 1, 1965 Tex.Gen. & Spec.Laws 317, 433–434, *amended by,* ch. 577, sec. 1, 1985 Tex.Gen. & Spec.Laws 2196, 2197.

quiring the state to dismiss the original cause and file new indictments and informations in order to effect a change. *Dixon v. State*, 737 S.W.2d 134, 135 (Tex.App.— Fort Worth 1987, pet ref'd). The constitution still provides, however, that "no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury." *TEX. CONST. art. I, sec. 10.* The amendment to article 28.10 as originally introduced to the senate apparently permitted unlimited pre-trial amendments of indictments.[2]

> During the hearings before the Senate Committee on Criminal Justice, concern was voiced regarding the breadth of permissible amendment. The comments critical of this breadth were themselves not specific but did express concern regarding amendment of a charging instrument to cause it to charge a different penal code offense.

38 BAYLOR L.REV. at 31 (footnotes omitted). The more limited provisions were not discussed when the proposal was again presented to the full committee, *id.*, but the limitations within 28.10(c) regarding amendments that charge the defendant with an additional or different offense or prejudice the substantial rights of the defendant appear to be a response to the committee's concerns.

 Questions central to appellant's point of error are whether amending a charging instrument (1) to allege theft from a different party or (2) to reflect commission of the crime on a different date, constitute charging the defendant with an additional or different offense in violation of article 28.10(c). We construe the phrase "charges the defendant with an additional or different offense" literally. A defendant is charged with a different offense if the amended information charges commission of a different offense under the penal statutes as was charged in the original indictment. The indictment in the instant case at all times charged commission of aggravated robbery. A defendant is charged with an additional offense if the amended indictment alleges commission of the offense charged in the original indictment and commission of another, additional offense which was not charged in the original indictment. The amended indictment in this case does not so charge.

 Admittedly, these literal definitions do not take into account the notice and former jeopardy problems and potential frustration of the right to effective grand jury screening[3] which could arise upon amendment of an indictment. However, these concerns are best addressed under the "substantial rights of the defendant" limitation to amendments. A defendant who believes his or her constitutional right to grand jury review will be impaired by a proposed amendment or who believes the amendment will give rise to former jeopardy problems may present the bases for these concerns to the trial judge for a ruling upon his objection that the amendment prejudices a substantial right of the defendant. Trial counsel in this case did not object on the basis of impairment of rights, nor did he attempt to demonstrate to the trial judge that appellant's rights would be prejudiced by the amendment. In other words, the point was not raised directly or even by inference. Appellant's

---

2. Tex.S.B. 169 would have amended Tex.Code Crim.Proc.Ann. art. 28.10 to read: "Any matter of form or substance in an indictment or information may be amended at any time before an announcement of ready for trial on the merits by both parties, but not afterwards." 38 BAYLOR L.REV. at 31.

3. The problem was described by Dix as follows: At some point, ... amendment of an indictment violates an accused's right under article I, section 10 to effective grand jury screening. But the 1985 amendment to article V, section 12 was intended to reduce the extent to which

charging instrument requirements are constitutionally necessary to assure effective screening. Quite obviously, some amendments tend more than others to endanger the right to effective screening. At what point does the risk to effective screening render an amendment constitutionally impermissible? This issue is probably best posed as whether amendments so change the charge that there is a significant risk that a grand jury willing to indict on a preamendment charge would be unwilling to indict on the charge as amended. 38 BAYLOR L.REV. at 49.

point on this basis is therefore waived. *TEX.R.APP.P. 52(a).*

The amended indictment did not charge appellant with an additional or different offense. Appellant's first point of error is overruled.

By his next two points of error, appellant complains the trial court erred in failing to suppress his in-court identification, in the singular. In fact, appellant was identified by two victims during the course of the trial; since both victims viewed the same pre-trial lineup and appellant's points of error apply equally to both in-court identifications, however, we infer appellant complains about both in-court identifications.

■ Appellant's second point of error claims the in-court identifications were based on a pre-trial lineup which was the result of an illegal arrest. However, neither appellant's motion to suppress identification nor his objections to his in-court identifications were made on this basis. Only those grounds of objection urged in the trial court will be considered on appeal. *Foreman v. State*, 505 S.W.2d 564, 566 (Tex.Crim.App.), *cert. denied*, 419 U.S. 851, 95 S.Ct. 91, 42 L.Ed.2d 81 (1974). Appellant's second point of error is overruled.

■ By his third point of error, appellant claims the in-court identifications were tainted by pre-trial lineups which were impermissibly suggestive. At trial, appellant's objections to his in-court identifications were general. However, once a motion to suppress is filed and ruled upon, no subsequent objection at trial is necessary to preserve error. *Waller v. State*, 581 S.W.2d 483, 485 (Tex.Crim.App.1979) (on motion for rehearing). Thus, the denial of appellant's motion to suppress, which asserted the suggestive lineup ground, properly preserved this point for review. Because we hold that the in-court identification was based upon observations by the witness other than the lineup identification and, thus, is of independent origin, we need not decide whether the lineup procedure was improper. *See Brem v. State*, 571 S.W.2d 314, 320 (Tex.Crim.App.1978).

The record in this case reflects that the identification witnesses had adequate opportunity to view the appellant at the time of the offense. One witness, Bruce Poland, testified he had observed appellant for ten or fifteen minutes on the day of the robbery and twenty or thirty minutes the day before. The other witness, Linda Burns, testified that, though she did not view appellant for a long time, she saw him "face-to-face." The lineup took place only a few days after the robbery. Both witnesses expressed a high level of confidence in their identifications of appellant. Burns testified that before the lineup, she felt confident she would be able to identify the person who robbed her. She also testified that she recognized the appellant the minute she walked in the room. Polan testified he had no problem identifying appellant. The evidence supports the trial court's findings that the in-court identifications were of independent origin and not the result of the lineup; therefore, the in-court identifications were properly admitted. *Id.* Appellant's third point of error is overruled.

■ In point of error four, appellant contends the trial court erred in failing to require the prosecutor to testify on appellant's behalf. Appellant contends that Bruce Poland stated that the only way he could identify appellant was because he was the only person in the lineup with a receding hair line, and that the prosecutor was present when this statement was made. However, the trial court was never asked to rule on the question because the prosecutor stated in open court that he had no recollection of any such statement by Poland and appellant's trial counsel accepted his statement. Absent a ruling by the trial court, nothing is presented for review. *TEX.R.APP.P. 52(a).* Appellant's fourth point of error is overruled.

■ Finally, appellant contends that the trial judge should have disqualified himself from presiding in the case because of his "friendship and relationship with one of the Complainants." Appellant's complaint revolves around a letter contained in the transcript which was written after judg-

ment by the owner of the jewelry store, which was the subject of the robbery in this case, and signed "An old friend, /s/ Betty Holberg." The letter expressed displeasure with the outcome of appellant's trial and with police efforts to recover the stolen jewelry. Appellant states he did not know of the friendship until after the trial and that a backward look at the judge's rulings reveals they were made out of concern for his "old friend."

Appellant's point is without merit. Friendship is not among the enumerated grounds for disqualification set forth in *TEX. CONST. art. V, sec. 11.* Nor has appellant come close to demonstrating bias sufficient to amount to a denial of due process, if he has shown bias at all. *See McClenan v. State,* 661 S.W.2d 108, 109 (Tex.Crim.App.1983). Nor do the trial judge's ruling appear in any way to have been made for inappropriate reasons, as appellant contends. Appellant's fifth point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.