**Johnnie LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–01036–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 1, 1991.

Rehearing Overruled Aug. 22, 1991.

David Ball, Jr., Montgomery, for appellant.

Mary Lou Keel, Houston, for appellee.

Before JUNELL, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Johnnie Lewis, appeals her judgment of conviction for the offense of felony theft. TEX.PENAL CODE ANN. § 31.-03(e)(4)(E) (Vernon 1991). The jury rejected appellant's not guilty plea and, after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at twenty-five (25) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We reverse the judgment of the District Court and remand for a new trial as to punishment only. TEX.CODE OF CRIM.PROC.ANN. art. 44.29(b) (Vernon 1991).

Viewed in the light most favorable to the verdict the evidence showed the following: Martin Skeen testified that on May 25, 1990, he was a security officer for Mervyn's Department Store. While in an observation booth positioned above the men's department, he saw appellant and another person, later identified as Beverly Simon, enter the store and walk along the back wall to the men's department. Appellant and Simon selected articles of clothing from one rack and moved them to another rack. Both of them appeared nervous and fidgety, and they kept looking around. With appellant at her side, Simon took the store merchandise and put it in a plastic garbage bag. They then retraced their steps along the back wall to exit the store.

Skeen radioed another security officer, Tammy Moore, and headed for the exit towards which appellant and Simon were headed. By the time Skeen got to the floor, Simon was holding the plastic garbage bag with the shirts sticking out of it. Appellant and Simon both exited the store.

Skeen caught up to appellant and Simon outside the store, where he and Moore identified themselves as store security officers. Skeen asked them to come back inside the store. Although appellant asked why she had to come back since she did not take anything, she indicated that she knew that Simon had taken the shirts. Nevertheless, appellant and Simon agreed to come back into the store, and Skeen recovered the 14 shirts taken from the store. Once they got to the security office, appellant told Skeen that she and her partner had intended to sell the shirts.

Tammy Moore testified that on May 25, 1990, she was in the shoe department when Skeen radioed her about a possible theft. Moore walked towards the back of the store and saw Simon putting the clothes in a garbage bag. Appellant and Simon then walked out of the store together.

Beverly Simon testified that on May 25, she and appellant went shopping together. While they were in the men's department at Mervyn's, appellant walked about 20 feet from Simon. Simon turned her back to appellant and took a garbage bag out of her purse and put some shirts in it. Believing that appellant was still in the store, Simon walked out of the store. When Moore stopped her, she saw that appellant was right behind her. Simon had not told appellant that she was going to take the shirts.

Appellant testified that on May 25, she and Simon went shopping. First they went to Sears Surplus Store where appellant bought some jeans and shirts for herself and some tennis shoes for Simon. Next they went to Mervyn's. They walked in together, and appellant looked at some shirts and slacks for her father. Simon disappeared, and appellant headed towards the door in an effort to locate her. They walked out the door and were halfway to the car when a security officer started yelling at them. Appellant saw the bag for the first time as they were walking back to the store. However, in filling out the store interview card in the security office, appellant answered "yes" to the following ques-

tion: "Do you know what you were doing was wrong?"

Appellant brings two points of error on appeal. In her first point of error, appellant asserts that the trial court erred in admitting Skeen's testimony about appellant's statements made after she had been detained by store security personnel.

■ In a hearing outside the presence of the jury, appellant made the following objection which she relies upon on appeal:

Your Honor, I would suggest to the Court from his testimony that they are technically under arrest at that time and any statement they make without Miranda Warning [sic] would not be admissible.

The trial court did not rule on this objection. Appellant now contends that Skeen's testimony about appellant's statements was inadmissible because it referred to an extraneous offense. In order to preserve error, the objection at trial must comport with the theory relied upon on appeal. "An objection stating one legal basis may not be used to support a different legal theory on appeal." *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990). Appellant's objection at trial that the statements were made while in custody did not preserve her point on appeal that the statements made reference to an extraneous offense. *See e.g., Sonnier v. State*, 764 S.W.2d 348, 352 (Tex.App.—Beaumont 1989, no pet.).

■ Furthermore, no error is preserved in the absence of an adverse ruling. *Cook v. State*, 741 S.W.2d 928, 939 (Tex.Crim. App.1987), *cert. denied*, 488 U.S. 807, 109 S.Ct. 39, 102 L.Ed.2d 19 (1988); *Darty v. State*, 709 S.W.2d 652, 655 (Tex.Crim.App. 1986). Since the trial court did not rule on the objection, no error was preserved.

■ Further, even if appellant had properly objected, this point would be waived since the same evidence was later admitted without objection. That is, when Tammy Moore testified, the following occurred:

Q. Did this defendant make a statement about—did she make any kind of statement to you about what her and the person with her did with these shirts?

A. During the course of that little conversation it was—she replied—she made some statements and so did the other lady. So I can't say that she said this and she said that, but it was between the both of them. It was said to me that they take clothes and sell them on the street and they get a third of the price.

Q. Did this particular defendant ever deny that she had any role in that type of sale?

A. No.

 Any error in admission of evidence is cured when the same evidence comes in elsewhere without objection. Defense counsel must object every time inadmissible evidence is offered. *Soliz v. State,* 794 S.W.2d 110, 113 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd); *Stoker v. State,* 788 S.W.2d 1, 14 (Tex.Crim. App.1989). Since appellant failed to object each time the challenged evidence was offered, the error was cured. Appellant's first point of error is overruled.

██ In her second point of error, appellant submits that the trial judge committed reversible error at the punishment phase of the trial by instructing the jury to find as a matter of law, the enhancement paragraphs in the indictment were true. Appellant entered a plea of not guilty to the offense charged. At that time she chose, in writing, to have her punishment assessed by the jury. TEX.CODE CRIM.PROC. art. 37.07, Sec. 2(b)(2) (Vernon 1981). After the jury found her guilty, she pled not true to the two enhancement paragraphs of the indictment.

During the guilt or innocence phase of the trial, appellant testified in her own behalf. On cross-examination, she admitted to having been convicted of the felony offense of possession of a controlled substance, namely, heroin on October 16, 1984 in the 180th District Court of Harris County, Texas in cause No. 388,886 and to having been convicted of the felony offense of forgery on July 31, 1986 in the 338th District Court of Harris County, Texas in cause No. 452,330. These convictions to which she admitted were those alleged in the enhancement portion of the indictment.

Shortly after the jury began deliberations on punishment they sent the court the following note.

The jury is divided on accepting both enhancements—mainly because some of us cannot agree that we can in good conscience sentence Johnnie Lewis to at least 25 years.

In answer to this note, and over the objection of appellant, the court sent the following answer:

Members of the Jury, The Court finds both enhancement paragraphs as contained in the indictment herein have been established as a matter of law to be true, and you are instructed therefore, to return a verdict, if you return one at all, assessing the punishment of the defendant at confinement in the Texas Department of Criminal Justice for life or for some term of years not less than 25 nor more than 99.

We find that the trial court erred in giving the above instruction or answer to the jury. It constituted a comment on the weight of the evidence. This is forbidden under Texas law and was improper for the trial court to do. Tex.Code Crim.Proc. art. 38.05 (Vernon 1979). Even though appellant had admitted to them from the witness stand, a question of fact still existed. *Washington v. State,* 677 S.W.2d 524 (Tex. Crim.App.1984). We sustain appellant's second point of error and reverse the judgment of the district court and remand for a new trial as to punishment only.