Montgomery 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-94-00613-CR






Richard Montgomery, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7683, HONORABLE CHARLES HEARNE, JUDGE PRESIDING







 A jury convicted appellant Richard Montgomery of felony possession of marihuana,
in a quantity more than four ounces but less than five pounds, and sentenced him to ten years'
imprisonment and a $10,000 fine. Act of June 14, 1989, 71st Leg., R.S., ch. 678, § 1, 1989
Tex. Gen. Laws 2230, 2939 (Tex. Health & Safety Code Ann. § 481.121, since amended)
(hereinafter "former § 481.121"). Montgomery now appeals, arguing that the district court erred
by improperly admitting evidence at both the guilt/innocence and punishment phases of his trial. 
We will affirm the judgment of conviction.



THE CONTROVERSY 


 On April 17, 1994, the Narcotics Enforcement Team for the 33rd Judicial District
of Texas, in conjunction with the Burnet County Sheriff's Office and the U.S. Border Patrol,
conducted a narcotics and immigration interdiction operation along Highway 281 in Burnet County
just north of the Blanco County line. As part of the operation, the team placed signs along the
highway that read "narcotics checkpoint ahead." In fact, no such checkpoint existed. Instead, the team stationed two undercover officers in an unmarked vehicle as "spotters" to
observe the behavior of motorists who encountered the signs. The officers were instructed to stop
motorists only if they violated the law in some fashion.

 During the afternoon of April 17, 1994, Montgomery and his wife drove past the
checkpoint sign. After the Montgomerys passed the sign, Officer Nichols, one of the "spotters,"
saw their car slow and stop. Richard Montgomery exited the car carrying a package, which he
threw into a ditch near the side of the road. Officer Nichols radioed ahead to have other members
of the team detain Montgomery for littering while he retrieved the package. Upon recovering the
package, Officer Nichols found that it contained a substantial quantity of marihuana. Nichols then
radioed the other team members, who detained the Montgomerys and brought a narcotics-detecting
dog to sniff the Montgomerys' car. The dog "alerted" on Mrs. Montgomery's purse, which was
lying on the passenger-side floorboard, but no marihuana was found in it. The team then arrested
both Montgomerys for possession of marihuana. The marihuana found in the package was
weighed at just over two pounds, and Richard Montgomery was indicted for possession of
marihuana as a third degree felony. See Tex. Health & Safety Code Ann., former §
481.121(b)(3).

 At the guilt/innocence phase of the trial, over Montgomery's objection, the court
admitted Mrs. Montgomery's purse and testimony about the narcotics-dog search. At the
punishment phase, Montgomery objected to three different types of evidence: 1) testimony by his
former parole officer that he had been previously convicted of a federal crime; 2) Officer
Nichols's testimony concerning the resale value of the marihuana; and 3) Officer Nichols's
testimony that Montgomery had a bad reputation for being peaceful and law-abiding. The court
overruled all three objections and admitted the evidence.



DISCUSSION


 In his first point of error, Montgomery contends that the trial court erred in
overruling his motion to suppress on the ground that he was stopped because of an illegal
roadblock. Montgomery did file a pretrial motion to suppress evidence. See Tex. Code Crim.
Proc. Ann. art. 28.01(1)(6) (West 1989). However, Montgomery failed to obtain a ruling on this
pretrial motion and therefore no error concerning the motion to suppress is presented for review. 
See Calloway v. State, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988). At trial, the marihuana
was introduced in evidence without objection from Montgomery. Therefore, nothing is presented
for review with respect to the marihuana. Tex. R. App. P. 52(a). When the State sought to
present evidence at trial concerning the narcotics-detecting dog's action in "alerting" on Mrs.
Montgomery's purse, Montgomery called the trial court's attention to the motion to suppress. The
trial court refused to entertain the suppression motion but offered Montgomery a hearing out of
the presence of the jury to establish his basis for excluding the purse from introduction before the
jury. (1)


 After a hearing in the jury's absence, the trial court overruled Montgomery's trial
objection to the introduction of the purse. The trial court did not rule, as he stated, on
Montgomery's motion to suppress, but only on his trial objection directed solely to the evidence
concerning the purse. (2) The evidence showed that shortly after Montgomery and his wife were
stopped, Officer Nichols arrived with the bag of marihuana abandoned by Montgomery. The two
were placed under arrest and the narcotics-detecting dog was brought forward. The dog was led
around and into Montgomery's vehicle and "alerted" on Mrs. Montgomery's purse, which was
lying on the floor of the passenger side of the vehicle. When the purse was opened, it contained
identification and credit cards, but no contraband of any kind. The officer responsible for the dog
testified that there was no odor of marihuana in the purse and that his well-trained dog had made
a mistake. Other testimony admitted without objection showed that no marihuana seeds, stems,
or other contraband were found in the vehicle.

 In his brief, Montgomery cites numerous roadblock cases. See, e.g., Sanchez v.
State, 856 S.W.2d 166 (Tex. Crim. App. 1993). However, Montgomery acknowledges in effect
"that the stop here was not as a result of a roadblock as such" and that "the fact of a detention
because of a reaction to a `narcotics checkpoint ahead' sign are different from the facts of a
detention for license and insurance inspection." The reaction, of course, was Montgomery's
abandonment of the marihuana. Even an unlawful arrest does not itself require the reversal of a
judgment of conviction. Keen v. State, 626 S.W.2d 309, 314 (Tex. Crim. App. 1981). Before
a defendant may complain of his arrest or detention, he must demonstrate how he was harmed. 
McInnis v. State, 657 S.W.2d 113, 114 (Tex. Crim. App. 1983); Colston v. State, 470 S.W.2d
890, 891 (Tex. Crim. App. 1971). If a conviction is not based upon the fruits of an illegal
detention, the mere fact that such a detention occurred will not invalidate the conviction. Hamm
v. State, 709 S.W.2d 14, 15 (Tex. App.--Corpus Christi 1986, no pet.); see also Gerstein v. Pugh,
420 U.S. 103, 119 (1975); Stiggers v. State, 506 S.W.2d 609, 611 (Tex. Crim. App. 1974).

 Officer Nichols's testimony provided a clear and unequivocal link between
Montgomery and the marihuana; Nichols testified that he had a clear view of Montgomery
dropping the package and was able to retrieve the exact package that Montgomery had dropped. 
Montgomery did not object to the introduction of the marihuana in evidence nor the testimony of
Officer Nichols linking him to it. This evidence linking Montgomery to the marihuana formed
the basis of Montgomery's conviction and is legally sufficient evidence to sustain the conviction
under the standard of Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Montgomery has
therefore failed to demonstrate how the admission of the purse in evidence harmed him, even if
its admission was erroneous. Because we find beyond a reasonable doubt that any error in the
admission of the challenged evidence made no contribution to Montgomery's conviction or
punishment, we overrule his first point of error. See Tex. R. App. P. 81(b)(2).


 In his second point of error, Montgomery contends that the trial court erred at the
punishment stage of the trial by admitting evidence of a prior conviction that was not yet final. 
Montgomery argues that the trial court should not have permitted LuJuana Zane, his former
federal parole officer, to testify that he had been previously convicted for the federal offense of
escape because that conviction was not final. In a motion in limine, Montgomery urged that, on
appeal of the federal conviction, the cause had been remanded to the trial court for resentencing. 
Montgomery's counsel claimed to have court documents to that effect, but the documents were
not admitted in evidence. The motion in limine was overruled and, despite repeated trial
objections, Zane testified that Montgomery had been under her supervision since September of
1993 following his conviction in a Louisiana federal district court on July 10, 1990, for the federal
offense of escape. Montgomery was assessed a punishment of 60 months imprisonment followed
by a three year term of parole. When the State sought to introduce the court documents
concerning Zane's supervision of Montgomery, the trial court sustained Montgomery's objection
because the documents contained prejudicial collateral material.

 Montgomery's complaint on appeal is simply that the State failed to show that the
federal escape conviction was final. No prior convictions were alleged for enhancement of
punishment. See Tex. Penal Code Ann. § 12.42 (West 1994 & Supp. 1996). Therefore, the
finality requirements for convictions used to enhance punishment are not at issue here. Instead,
the challenged testimony was admitted under article 37.07 of the Code of Criminal Procedure,
which governs the admissibility of evidence at the punishment stage of a felony trial. See Tex.
Code Crim. Proc. Ann. art. 37.07 (West Supp. 1996). (3) The version of article 37.07 in effect at
the time of Montgomery's trial provided, in relevant part, as follows:



Regardless of the plea and whether the punishment be assessed by the judge or the
jury, evidence may be offered by the state and the defendant as to any matter the
court deems relevant to sentencing, including but not limited to the prior criminal
record of the defendant, his general reputation, his character, an opinion regarding
his character, the circumstances of the offense for which he is being tried, and,
notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act.



Id. It is clear that at the penalty stage of the bifurcated trial, the trial court may permit evidence
as to any matter deemed relevant to "sentencing." Id. Such evidence includes, but is not limited
to, the particular matters set forth in article 37.07. Moreover, the 1993 amendments to article
37.07 removed language defining "prior criminal record" as a "final conviction in a court of
record, or a probated or suspended sentence that has occurred prior to trial, or any final
conviction material to the offense charged." See Act of June 19, 1993, 73d Leg., R.S., ch. 900,
§ 5.05, 1993 Tex. Gen. Laws 3586, 3759 (Tex. Code Crim. Proc. Ann. art. 37.07, since
amended).

 In the instant cause it is obvious that the trial court deemed Zane's testimony
relevant to "sentencing" and the fact that the conviction may not have been shown to be final did
not render Zane's testimony inadmissible. In addition, Zane later testified about Montgomery's
prior conviction without objection. A specific objection must be made each time an offer of
inadmissible evidence is made in order to preserve any error for review. Purtell v. State, 761
S.W.2d 360, 368 (Tex. Crim. App. 1988), cert. denied, 490 U.S. 1059 (1989); Miranda v. State,
813 S.W.2d 724, 739 (Tex. App.--San Antonio 1991, pet ref'd). Furthermore, as a general rule,
when the same evidence is presented elsewhere without objection at trial, no reversible error
exists. McFarland v. State, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992), cert. denied, 124 L.
Ed. 2d 686 (1993); Miranda, 813 S.W.2d at 739; Lewis v. State, 814 S.W.2d 513, 515-16 (Tex.
App.--Houston [14th Dist.] 1991, pet. ref'd). Montgomery's second point of error is overruled.

 In his third point of error, Montgomery urges that the trial court erred in admitting
speculative evidence about the sale value of marihuana. Officer Nichols was recalled as a witness
at the punishment stage of the trial and testified that the marihuana Montgomery possessed
weighed 2.05 pounds. Nichols testified that the going rate for marihuana was $600 to $800 per
pound or approximately $30 per ounce. It is this testimony that Montgomery challenges on
appeal. An examination of the record, however, reveals that there was no objection to this
particular evidence and therefore Montgomery has preserved nothing for review. Tex. R. App.
P. 52(a); Tex. R. Crim. Evid. 103(a)(1). The objection to which Montgomery directs us is an
earlier relevancy objection to a question about the quantity of marihuana that dealers would
normally possess.

 In addition, the challenged evidence was relevant to the jury's determination of
punishment. It shows possession of a quantity of marihuana more than an amount a person would
normally have for personal use. The evidence therefore allows the State to translate the testimony
into terms that are understandable to the jury. McHenry v. State, 823 S.W.2d 667, 673 (Tex.
App.--Dallas 1991), vacated and remanded on other grounds, 829 S.W.2d 803 (Tex. Crim. App.
1992); Acosta v. State, 403 S.W.2d 434, 438 (Tex. Crim. App. 1966), cert. denied, 386 U.S.
1008 (1967); Morrow v. State, 757 S.W.2d 484, 487-88 (Tex. App.--Houston [1st Dist.] 1988,
pet. ref'd), cert. denied, 493 U.S. 921 (1989); Barnes v. State, 634 S.W.2d 25, 27-28 (Tex.
App.--Beaumont 1982, no pet).

 Finally, a witness may qualify to give testimony under Texas Rule of Criminal
Evidence 702 (opinion testimony by experts) by virtue of special knowledge or training and may
also qualify under Rule 701 (opinion testimony by lay witnesses) if the witness has first-hand
knowledge of the basis of the opinion. See Tex. R. Crim. Evid. 701, 702; Austin v. State, 794
S.W.2d 408, 410 (Tex. App.--Austin 1990, pet. ref'd); Yohey v. State, 801 S.W.2d 232, 243 (Tex.
App.--San Antonio 1990, pet. ref'd). Officer Nichols was qualified to give opinion testimony
under both rules. Montgomery's third point of error is overruled.

 In his fourth point of error, Montgomery contends that the trial court erred at the
punishment phase of his trial by allowing Officer Nichols to testify that Montgomery had a bad
reputation for being peaceful and law-abiding. According to Montgomery, Officer Nichols was
not a proper reputation witness because Nichols became familiar with Montgomery's reputation
solely through conversations with other law enforcement officers. Montgomery cites Rule of
Criminal Evidence 405(a) in support of his position. We reject Montgomery's argument. Article
37.07 of the Code of Criminal Procedure makes the defendant's "general reputation" admissible
at the punishment phase of a non-capital felony trial. Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a) (West Supp. 1996). In the 1993 amendment to article 37.07, the Legislature deleted the
requirement that evidence at punishment must be otherwise "permitted by the Rules of Evidence
. . . ." See Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586,
3759 (Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a), since amended). Therefore, it is by no
means clear that the admissibility of reputation evidence, under the current version of article
37.07, is limited by the requirements of Rule 405. See Beasley v. State, 902 S.W.2d 452, 457
(Tex. Crim. App. 1995) (McCormick, P.J., concurring).

 However, we need not decide the issue because the reputation testimony at issue
is admissible even applying Rule 405. Rule 405 provides that a witness is qualified to give
evidence of a person's character only if the witness was "familiar with the reputation, or the
underlying facts or information upon which the opinion is based, prior to the day of the offense." 
Tex. R. Crim. Evid. 405(a). According to the plain language of Rule 405(a), only opinion
witnesses must have personal knowledge of the underlying facts for their opinions. A reputation
witness, by contrast, need only be familiar with a person's reputation and need not have personal
knowledge of the underlying facts. Turner v. State, 805 S.W.2d 423, 429 (Tex. Crim. App.),
cert. denied, 502 U.S. 870 (1991). The Court of Criminal Appeals has specifically held that
"[d]iscussions with other police officers are sufficient to qualify a witness on reputation." Id. 
Officer Nichols's uncontroverted testimony was that he learned about Montgomery's reputation
from discussions with other law enforcement officers prior to the day of the offense in this cause. 
We therefore overrule Montgomery's fourth point of error.



CONCLUSION


 Having overruled all of Montgomery's points of error, we affirm the judgment of
conviction.



 

 Mack Kidd, Justice

Before Justices Aboussie, Kidd and Onion*

Affirmed

Filed: May 15, 1996

Do Not Publish





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   "The Court: I'm not going to do that. I will allow you to proceed to present
whatever you want to with regards to keep the purse from being introduced into evidence
if you think that you have a good and valid reason to do that. You may proceed."
2.   At the conclusion of the hearing on appellant's trial objection to the purse, the trial
court confused the issue by stating: "The motion to suppress is denied." This remark
appears inadvertent in light of the record and trial court's earlier ruling.
3.   This cause is governed by the version of article 37.07 in effect at the time of
Montgomery's trial in 1994. See Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 5.05,
1993 Tex. Gen. Laws 3586, 3759 (Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a), since
amended). Because the subsequent amendment to section 3(a) of article 37.07 did not change
the portion of the statute at issue in this appeal, we cite the current code for convenience.



on for being peaceful and law-abiding. According to Montgomery, Officer Nichols was
not a proper reputation witness because Nichols became familiar with Montgomery's reputation
solely through conversations with other law enforcement officers. Montgomery cites Rule of
Criminal Evidence 405(a) in support of his position. We reject Montgomery's argument. Article
37.07 of the Code of Criminal Procedure makes the defendant's "general reputation" admissible
at the punishment phase of a non-capital felony trial. Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a) (West Supp. 1996). In the 1993 amendment to article 37.07, the Legislature deleted the
requirement that evidence at punishment must be otherwise "permitted by the Rules of Evidence
. . . ." See Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586,
3759 (Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a), since amended). Therefore, it is by no
means clear that the admissibility of reputation evidence, under the current version of article
37.07, is limited by the requirements of Rule 405. See Beasley v. State, 902 S.W.2d 452, 457
(Tex. Crim. App. 1995) (McCormick, P.J., concurring).

 However, we need not decide the issue because the reputation testimony at issue
is admissible even applying Rule 405. Rule 405 provides that a witness is qualified to give
evidence of a person's character only if the witness was "familiar with the reputation, or the
underlying facts or information upon which the opinion is based, prior to the day of the offense." 
Tex. R. Crim. Evid. 405(a). According to the plain language of Rule 405(a), only opinion
witnesses must have personal knowledge of the underlying facts for their opinions. A reputation
witness, by contrast, need only be familiar with a person's reputation and need not have personal
knowledge of the underlying facts. Turner v. State, 805 S.W.2d 423, 429 (Tex. Crim. App.),
cert. denied, 502 U.S. 8