COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

LUIS
VELASQUEZ,                                             )                    No. 
08-01-00189-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                 County Court at Law No. 1

                                                                              )

THE STATE OF TEXAS,                                     )                   of El Paso County, Texas

                                                                              )

Appellee.                           )                        (TC# 20000C08560)

 

O
P I N I O N

 

Luis
Velasquez appeals his conviction for the offense of driving while
intoxicated.  Following a bench trial,
the trial court found Appellant guilty and assessed his punishment at a fine of
$500 and confinement for 180 days.  The
court suspended the sentence and placed Appellant on community supervision for
a term of one year.  We affirm.

FACTUAL SUMMARY








Naomi
Villa is employed by United States Customs. 
Shortly before 1 a.m. on June 4, 2000, Villa was working at the Paso Del
Norte Bridge.  Her duties required her to
inspect vehicles which were coming into the United States and to question the
vehicle occupants regarding citizenship and whether they had contraband or
merchandise they were bringing in to the country from Mexico.  Appellant, the sole occupant of the vehicle,
drove a blue truck up to the primary booth where Villa was working.  Villa asked Appellant whether he was a
citizen, and he responded by immediately becoming argumentative and complaining
about the long lines.  Appellant=s speech was slurred and Villa smelled
an odor of alcohol in the vehicle.  When
she saw an empty bottle of Bacardi on the passenger seat, Villa asked Appellant
whether he had been drinking.  Appellant
replied that he had drunk the whole bottle while waiting to cross the bridge.  Villa then asked Appellant to turn off his
vehicle=s engine
so she could inspect the vehicle. 
Appellant argued that Villa should give him a break and let him proceed
on his way.  

An
El Paso police officer, who was working on the bridge in the secondary
inspection area, walked over to stand behind Villa when he saw Appellant being
argumentative.  When Appellant saw the
officer, he got out of the truck, and would not get back inside.  He also refused to open the hood or otherwise
cooperate with Villa=s
inspection.  Someone else had to drive
the vehicle over to the secondary inspection area and an officer escorted
Appellant to the same area.  As a result
of her job, Villa comes into contact with intoxicated persons on a daily basis
and she is familiar with the signs of intoxication.  Based upon her observations of Appellant, she
formed the opinion that he was intoxicated when he drove up to the inspection
booth.  








Ernesto
Saucedo, an El Paso police officer, was working on the Paso Del Norte bridge in the secondary inspection area.  His special assignment duties involved
checking for underage drinkers and curfew violations.  Saucedo=s
training as a police officer included the identification of intoxicated
persons.  When Saucedo saw Appellant
being argumentative with Villa, he walked over and stood next to her in order
to ensure her safety.  Saucedo saw
Appellant stagger as he exited the truck. 
Villa informed Saucedo that she believed Appellant was intoxicated and
she asked for Saucedo=s
assistance.  He detained Appellant and
called for a DWI task force to conduct a field sobriety test.  Saucedo could smell a strong odor of alcohol
on Appellant=s breath
and he noticed Appellant Awasn=t
aware of what was going on.@  After the DWI task force arrived, Saucedo had
no further involvement in the case.

Jose
Antonio Enriquez, an El Paso police officer assigned to the DWI task force, was
dispatched to the Paso Del Norte Bridge to investigate a possible drunk
driver.  After being briefed by Saucedo
and Villa, Enriquez talked to Appellant who insisted that he had not been
driving the vehicle.  Enriquez then
conducted the horizontal gaze nystagmus test and had
Appellant perform some field sobriety tests. 
Based on the results of these tests and his own observations, Enriquez
concluded that Appellant was intoxicated. 
Consequently, he arrested Appellant and transported him to Mission
Valley Regional Command.  Appellant
voluntarily submitted to an intoxilyzer analysis of
his breath which showed his breath alcohol concentration as 0.162 and
0.163.  The trial court found Appellant
guilty of driving while intoxicated.  

SUFFICIENCY OF THE EVIDENCE

In Point of Error No. One, Appellant challenges the legal
and factual sufficiency of the evidence to show that the alcohol concentration
in his blood exceeded the legal limit of 0.08. 
More specifically, he argues that the State failed to offer any evidence
of retrograde extrapolation from the time of the breath sample back to the time
Appellant drove the vehicle.[1]

Standards of Review








In
reviewing the legal sufficiency of the evidence to support a criminal
conviction, we must review all the evidence, both State and defense, in the
light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318‑19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991). 
This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony,
to weigh the evidence, and to draw reasonable inferences from basic to ultimate
facts.  Jackson, 443 U.S. at 319,
99 S.Ct. at 2789, 61 L.Ed.2d at 573.  We do not resolve any conflict of fact or
assign credibility to the witnesses, as it was the function of the trier of fact to do so. 
See Adelman v. State, 828 S.W.2d 418,
421 (Tex.Crim.App. 1992); Matson v. State, 819
S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is only to determine if
both the explicit and implicit findings of the trier
of fact are rational by viewing all of the evidence admitted at trial in a
light most favorable to the verdict.  Adelman, 828 S.W.2d at 422.  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. 
Matson, 819 S.W.2d at 843.  Further, the standard of review is the same
for both direct and circumstantial evidence cases.  Geesa, 820 S.W.2d at 158.








When conducting a review of the factual sufficiency of the
evidence, we consider all of the evidence, but we do not view it in the light
most favorable to the verdict.  Clewis
v. State, 922 S.W.2d 126, 129 (Tex.Crim.App.
1996); Levario v. State, 964 S.W.2d
290, 295 (Tex.App.‑‑El Paso 1997, no
pet.).  We review the evidence
weighed by the jury that tends to prove the existence of the elemental fact in
dispute and compare it with the evidence that tends to disprove that fact.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Jones v. State, 944 S.W.2d 642,
647 (Tex.Crim.App. 1996), cert. denied, 522
U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997).  A defendant challenging the factual
sufficiency of the evidence may allege that the evidence is so
weak as to be clearly wrong and manifestly unjust, or in a case where the
defendant has offered contrary evidence, he may argue that the finding of guilt
is against the great weight and preponderance of the evidence.  See Johnson, 23
S.W.3d at 11.  Although we are
authorized to set aside the fact finder=s
determination under either of these two circumstances, our review must employ
appropriate deference and should not intrude upon the fact finder=s role as the sole judge of the weight
and credibility given to any evidence presented at trial.  See Johnson, 23
S.W.3d at 7. We are not free to reweigh the evidence and set aside a
verdict merely because we feel that a different result is more reasonable.  Cain v. State, 958
S.W.2d 404, 407 (Tex.Crim.App. 1997); Clewis, 922 S.W.2d at 135.

Elements of the Offense

A
person commits an offense if he is intoxicated while operating a motor vehicle
in a public place.  Tex.Pen.Code Ann. '
49.04(a)(Vernon Supp. 2002).  Under the definition provided in Section
49.01(2), Aintoxicated@ means:

(A)  not having the normal use of mental or
physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body; or

 

(B)  having an alcohol
concentration of 0.08 or more.

 








Tex.Pen.Code Ann. ' 49.01(2).  Given this definition, the Penal Code
provides two alternative means of committing the offense of driving while
intoxicated.  Ex parte Crenshaw, 25 S.W.3d 761, 766 (Tex.App.‑‑Houston
[1st Dist.] 2000, pet. ref=d);
Kilgo v. State, 880 S.W.2d 828, 829 (Tex.App.‑‑Dallas 1994, pet. ref=d).  Harris v. State, 866
S.W.2d 316, 324 (Tex.App.‑‑San Antonio
1993, pet. ref=d).  Where the charging
instrument alleges both means of committing driving while intoxicated, as in
this case, a conviction under a general verdict is valid if either theory is
supported by the evidence.  Chauncey v. State, 837 S.W.2d 179, 182 (Tex.App.‑-El
Paso 1992), aff=d,
877 S.W.2d 305 (Tex.Crim.App. 1994); Sims v. State,
735 S.W.2d 913, 915 (Tex.App.‑‑Dallas
1987, pet. ref=d).

Appellant
does not challenge the legal or factual sufficiency of the evidence supporting
the trial court=s implied
determination that he had lost the normal use of his mental or physical
faculties.  The evidence showed that
Appellant failed the field sobriety tests and he demonstrated nystagmus in both eyes which is indicative of
intoxication.  Further, he smelled of
alcohol, had slurred speech, staggered when he walked, was belligerent, and
appeared confused.  Additionally, the
trial court had before it the opinions offered by Villa and the police
officers, all of whom were trained to recognize an intoxicated person, that
Appellant was intoxicated.  This evidence
is both legally and factually sufficient to prove intoxication under the
definition found in Section 49.01(2)(A).  See Reagan v. State, 968 S.W.2d
571, 573 (Tex.App.‑-Texarkana 1998, pet. ref=d)(evidence legally and factually
sufficient to show defendant had lost normal use of mental or physical
faculties where defendant had slurred speech, red eyes, odor of alcohol,
balance difficulties, and inability to complete horizontal gaze nystagmus test). 
Therefore, we need not address whether the evidence is also legally and
factually sufficient to show that his blood alcohol concentration exceeded the
legal limit.  Point of
Error No. One is overruled.

LEGALITY OF THE STOP








In Point of Error No. Two, Appellant asserts that the trial
court erred in convicting Appellant because the investigatory stop was made
without reasonable suspicion.  An illegal
arrest or detention is not grounds for reversal unless fruits of the illegality
are admitted over objection at trial.  Hamm v. State, 709 S.W.2d 14, 14 (Tex.App.‑-Corpus
Christi 1986, no pet.).  As
correctly pointed out by the State, Appellant did not file a motion to suppress
evidence prior to trial nor did he timely object at trial to the admission of
any evidence on this ground.  As a
prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request,
objection, or motion, and the trial court ruled on the request, objection, or
motion.  Tex.R.App.P. 33.1(a)(1)
and (2); Tucker v. State, 990 S.W.2d 261, 262 (Tex.Crim.App.
1999); Richardson v. State, 981 S.W.2d 453, 455 (Tex.App.‑-El
Paso 1998, pet. ref=d).  Even constitutional error may be waived by
failure to make an appropriate objection. 
See Briggs v. State, 789 S.W.2d 918, 924
(Tex.Crim.App. 1990). 
While Appellant moved for a directed verdict on the ground that there
was no probable cause to arrest in that he had not violated any traffic laws,
he did not object to the admission of any evidence.  By failing to object to the introduction of
evidence seized as a result of the allegedly illegal arrest, Appellant has
preserved nothing for review.  See
Hamm, 709 S.W.2d at 15 (rejecting complaint that the trial court erred in
failing to grant defendant=s
motion for instructed verdict because there was no probable cause for law
enforcement officers to stop, question, or apprehend him).  Point of Error No.
Two is overruled.  Having overruled both
points of error, we affirm the judgment of the trial court.

 

 

August 22, 2002

                                                                         


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]  Extrapolation
or retrograde extrapolation evidence explains the correlation between the
breath test results and the level of intoxication at the time of the arrest in
a given case.   O=Neal v. State,
999 S.W.2d 826, 832 (Tex.App.--Tyler 1999, no pet.), citing
Martin v. Dept. of Public Safety, 964 S.W.2d 772, 776 (Tex.App.‑‑Austin
1998, no pet.); see Mata v. State, 46 S.W.3d 902, 908-09 (Tex.Crim.App. 2001). 
Although it is unnecessary to review the sufficiency of the evidence
related to this means of proving intoxication, we note that the State is not
required to offer evidence of extrapolation in order to sustain a conviction
for DWI.  See Forte
v. State 707 S.W.2d 89, 95 (Tex.Crim.App. 1986); Price
v. State, 59 S.W.3d 297, 300 (Tex.App.--Fort
Worth 2001, pet. ref=d);
O=Neal,
999 S.W.2d at 830; Owen v. State, 905 S.W.2d 434, 438-39 (Tex.App.--Waco 1995, pet. ref=d).