**L. C. ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46911.

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

Charles Warren Van Cleve, Arlington, for appellant.

Henry Wade, Dist. Atty., and William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault wherein the punishment was assessed at thirty-five (35) years by the court following a verdict of guilty.

The sufficiency of the evidence is not challenged. Suffice it to say the record reflects the complaining witness Shotwell and his fellow employee at a Dallas service station, Dixon, left work about 10 p. m. on February 11, 1971, and went to a small cafe hoping to find willing female companionship. There they met the appellant, who offered to help fulfill their desires. The three went to an apartment where they found no girls but were joined by another man. The foursome then went to the appellant's apartment where, almost immediately upon arrival, the appellant pulled a gun, struck Dixon and took a watch, a ring and $34.00 from Shotwell.

The victims of the robbery left the scene of the robbery and sought the police, and subsequently Shotwell took the officers to appellant's apartment about 2 a. m., but the officers got no answer when they knocked. At 7 a. m. the officers returned. When the appellant came to the door with a gun, the officers drew their weapons and arrested the appellant.

In his first ground of error the appellant contends there was an illegal warrantless arrest and that the court erred

in refusing to sustain his "motion to suppress on the grounds of illegal arrest and excluding the evidence arising therefrom."

We find that a motion to suppress was filed approximately one week prior to trial, but there is nothing to show that the motion was ever called to the trial judge's attention. The order attached to the motion is unsigned.

Further, appellant does not call our attention to the admission into evidence of any items found as a result of any search. We have searched the record and find no such admission. There was no confession.

Appellant's contention is totally without merit.

■ Appellant next complains about the failure of the court to suppress his in-court identification by the complaining witness.

Prior to permitting such in-court identification, the court conducted a separate hearing to determine its admissibility. See Martinez v. State, 437 S.W.2d 842 (Tex. Cr.App.1969). At the conclusion of the hearing the court made findings which reflect that the witness' identification was based upon his observations before and during the commission of the offense and did not result from any improper suggestions. The findings are supported by the record.

Appellant relies upon the fact that the complaining witness was called to City Hall a few hours after the robbery, and while he waited for a police officer in an office with a secretary the appellant and a police officer walked into the room, and the witness spontaneously stated, "That's him."

Subsequently, at a prior setting of the case the complaining witness noticed a photograph of the appellant on a table in the witness room and spontaneously uttered the statement that the photograph was that of the appellant.

The court found that these two instances happened, but they were not unnecessarily suggestive or conducive to irreparable mistaken identification. The record reflects that no one present at either instance by word or deed suggested or prompted the identification nor that instances were designed to expose the appellant or his photograph to the complaining witness in a one-on-one confrontation.

The jail house encounter is similar to those in Elliott v. State, 444 S.W.2d 914 (Tex.Cr.App.1969); Perryman v. State, 470 S.W.2d 703 (Tex.Cr.App.1971), and Cole v. State, 474 S.W.2d 696 (Tex.Cr.App. 1971), wherein the in-court identification was held not to be tainted.

Still further, the appellant took the stand and testified he was with the complaining witness at his (appellant's) apartment at the very time as described by the complaining witness. He denied the robbery and insisted he had won the ring, watch and money from the complaining witness in a crap game at his apartment. While appellant did not confess to the crime, he acknowledged that he was at the very place where the complaining witness said he was. We perceive no error in the admission of the in-court identification. Cf. McKenzie v. State, 487 S.W.2d 65 (Tex.Cr.App.1972).

■ Lastly, appellant claims he "was convicted and sentenced under an invalid judgment."

Appellant's contention is based on the fact that the original judgment reflected that the jury verdict of guilty was signed by him as foreman of the jury.

The verdict form found in the record reflects that the verdict form was signed by "Stanley Smith—Foreman." In entering the judgment it appears that a clerical error was made when the name "L. C. Anderson" was typed into the judgment instead of "Stanley Smith."

Such clerical error will not invalidate a judgment, particularly when it is considered in light of the entire appellate record.

Further, we note that after the approval of the record and after the filing of appellant's brief on appeal but while the trial court still had jurisdiction of the cause, the court entered an "Order to Correct Minutes," finding that the judgment contained a typographical error and ordered the same corrected.

The judgment is affirmed.