**Michael JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52695.**

Court of Criminal Appeals of Texas.

March 16, 1977.

Rehearing Denied April 13, 1977.

Cameron M. Cunningham, Austin, for appellant.

Martin D. Eichelberger, Dist. Atty., Raymond Matkin and Lynn W. Malone, Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of aggravated assault on a peace officer; Article 1147(1), V.A.P.C. (1925); the punishment is confinement in the county jail for 6 months.

The appellant complains that the trial court erred in (1) overruling his motion to quash the jury panel because the statutory exemptions for women with children under ten years of age violates the constitutional provisions of both the United States and this State, (2) overruling his motion to quash the jury panel because students were excluded in violation of the due process and equal protection provisions of the Constitution of the United States, (3) admitting hearsay evidence, (4) failing to assess punishment under the correct statute, and (5) overruling his motion to suppress evidence.

The appellant contends that the court erred in overruling his motion to quash the jury panel because the statutory exemption from jury duty for women with legal custody of children under ten years of age violates the due process and equal protection clauses of the United States Constitution and Article 1, Sections 3 and 3a of the Texas Constitution. Appellant also contends that the jury panel should have been quashed because college students were excluded in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States.

The United States Supreme Court in *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), held unconstitutional a Louisiana statute providing that a woman should not be selected for jury service unless she previously filed a written declaration of her desire to be subject to jury service. In *Taylor* the record reflected that in the judicial district where the appellant was convicted 53% of the persons eligible for jury service were female; however, no more than 10% of the names in the jury wheel were those of women. The Supreme Court noted that the Louisiana jury selection system did not disqualify women from jury service; however, in operation its conceded systematic impact was that only a few women, grossly disproportionate to the number of eligible women in the community, were called for jury service. The Supreme Court held that the Sixth Amendment right to trial by jury requires that the petit jury be selected from a fair cross section of the community. However, the Court also said:

"The fair-cross-section principle must have much leeway in application. The States remain free to prescribe relevant qualifications for their jurors and to provide reasonable exemptions so long as it may be fairly said that the jury lists or panels are representative of the community."

Appellant challenges Sections 2 and 4 of Article 2135, V.A.C.S.; this statute is as follows:

"All competent jurors are liable to jury service, except the following persons:

"(1) All persons over sixty-five (65) years of age.

"(2) All females who have legal custody of a child or children under the age of ten (10) years.

"(3) All students of public or private secondary schools.

"(4) Every person who is enrolled and in actual attendance at an institution of higher education."

Our Texas statute is significantly different from the Louisiana statute struck down in *Taylor v. Louisiana*, supra. Article 2135, V.A.C.S., provides a *personal exemption* rather than an exclusion or disqualification. Eligible jurors who may qualify for an exemption are still called for jury service, and the statute requires that the prospective juror take affirmative action in order to exercise the exemption; the statute does not require that a prospective juror exercise affirmative action in order to be included on the jury rolls. See Article 2137, V.A.C.S. Moreover, these exemptions are transitory, and will be continually changing; the exemptions are not permanent.

*Taylor v. Louisiana*, supra, only requires that juror exemptions be reasonable. The State has a legitimate interest in providing exemptions from jury service because it provides an orderly and efficient method of speeding up the operation of our overloaded judicial system. Article 1, Section 3a of the Texas Constitution, the Texas Equal Rights Amendment, only requires that jury exemptions based on sex be reasonable in relation to their intended purpose.

The Legislature obviously intended that Section 2 of Article 2135, V.A.C.S., would provide a convenient and efficient method for women with small children to avoid the hardship of providing care for their children while they performed jury duty. However, this statute in no way prevents the woman from being called for jury duty. If she wishes to serve, she need not take any affirmative action to do so.

Appellant argues that it is unreasonable for the Legislature to presume that only women have the responsibility for the care of children under the age of ten. In support of his argument appellant cites footnote 17 in *Taylor v. Louisiana*, supra. In that footnote the Supreme Court cited statistics compiled by the Department of Labor in 1974. While those statistics are not categorized as to women with children under age ten, they show that 45.7% of the women with children under the age of eighteen were in the labor force. They also show that in families containing children between the ages of six and seventeen 51.2% of the women whose husbands were present in the household were in the work force. In that same category of households with children under age three, 31% of the women were in the labor force. While these statistics indicate that many women with children are not primarily engaged in the care of their children during the normal business hours for the courts; these statistics conversely indicate that a great many women with children are still primarily engaged in caring for their children.

Therefore, even by today's standards, we find that the exemption in Section 2 of Article 2135, V.A.C.S. is reasonable. If women who are primarily engaged in the care of their children under age ten were not granted this exemption they would have to personally and individually present any claims of hardship to the court under Article 35.03, V.A.C.C.P. Therefore, we find that the State has a legitimate interest in creating this optional exemption because it allows those persons most likely to have a legitimate claim of hardship to present it in an orderly manner.

Appellant also contends Article 2135, Section 4, V.A.C.S. is unconstitutional because it exempts persons enrolled and in actual attendance at an institution of higher education. The federal courts have recognized that it is reasonable to conclude that missing class and study time is more of a hardship for students than missing work is for persons in other occupations. The juror's fee can alleviate, at least in part, some of the burden placed on wage earners; however, loss of educational time is not so easily compensated. *United States v. Ross*, 468 F.2d 1213 (9th Cir. 1972); *United States*

*v. Duncan,* 456 F.2d 1401 (9th Cir. 1972). The exemption for college students is optional for those wishing to claim it and applies only to those students in actual attendance.

We hold that Article 2135, Sections 2 and 4, V.A.C.S. are reasonable exemptions and are not unconstitutional on their face under either the United States Constitution or the Texas Constitution. Our remaining consideration is whether appellant has shown that the actual application of these exemptions has resulted in the exclusion of a cognizable class of citizens so that the jury lists in the district in which he was convicted no longer represent a fair cross section of the community.

Appellant introduced a list of 300 persons called for jury duty on Monday, June 17, 1974. Based upon identification by name, it appears that approximately 136 of these persons were female. The record indicates that eighteen women claimed their exemption under Section 2 of Article 2135, V.A.C.S. However, the record does not show how many women with children under age ten were eligible for jury duty in the judicial district, nor does the record reflect how many women could have claimed their exemption but chose not to. The voir dire examination of the jury panel at appellant's trial shows that at least one woman on the venire could have claimed a Section 2 exemption but chose not to.

The record does not show how many college students were eligible for jury duty in the county. The record does not reflect how many college students would qualify for exemption under Section 4 of Article 2135, V.A.C.S. The only evidence in the record regarding college students is that six of the 300 people called for jury duty on June 17th claimed the exemption provided in Section 4.

■ Appellant has not met his burden of showing discrimination against a distinct, identifiable class in the selection of the venire. See *Bradley v. Texas,* 470 F.2d 785 (5th Cir. 1972). Merely showing that of the 300 people called for jury duty on June 17th 6% claimed an optional exemption for wom-

en with children under age ten does not show that the jury panels failed to represent a fair cross section of the community. Likewise, the fact that 2% of the persons on one jury list of 300 persons chose to exercise an optional exemption does not show that the jury panels failed to represent a fair cross section of the community by excluding college students.

We will now consider the appellant's assertion that hearsay evidence was erroneously admitted over his timely objection. Police officers who were investigating a robbery which had just occurred stopped the vehicle in which the appellant was a passenger. It was while the officers were attempting to search the appellant that the appellant allegedly committed the assault upon Officer Speed. In this multifarious ground of error, complaint is made that the hearsay evidence relating to probable cause for stopping the automobile and arresting appellant was elicited from Officers DeLaRosa and Speed.

DeLaRosa testified he had talked to the victims of the robbery and obtained a description of the robbers. He was then asked: "Did you put that description out over the air?" The appellant's counsel objected that it was hearsay. The court, in an apparent attempt to clarify the matter, said: "You asked the description he [Officer DeLaRosa] gave out?" The prosecutor said: "Over the air, yes, sir." The appellant's counsel made no further objection and did not demonstrate that the officer's description of the robber was based on hearsay. See *Boening v. State,* 422 S.W.2d 469 (Tex.Cr.App.1967). The court overruled the objection. The officer then testified, giving the description of the robber which he had broadcast. After several other questions and answers about matters which the victim had related to DeLaRosa, defense counsel again objected to the testimony concerning what the victim had related to DeLaRosa because it was hearsay. The court sustained the objection.

■ Although the first objection may have been good, it is the duty of counsel to establish or demonstrate that the officer's

testimony has hearsay. See *Boening v. State*, supra. When the judge attempted to clarify the matter he did not ask what the officer had been told by the victim, he asked what description the officer broadcast. Under the circumstances the ruling at the time it was made was correct; after hearsay had been obviously elicited and objection was made, it was sustained. No error is apparent.

During direct examination Officer Speed testified that, while investigating the robbery, he had stopped someone who did not fit the description of the robbers. He said the person he stopped gave him some information about a white car. When the prosecutor asked Officer Speed what the person told him about the white car, the appellant's objection that it was hearsay was improperly overruled. The officer was permitted to testify that the person he stopped told him a white car being driven on Waco Drive had almost forced him off the road. The person stopped could not give a description of the people in the white car.

It was the State's contention at the time of trial that the hearsay testimony was admissible to show probable cause for the stopping and arrest of the appellant. Over an objection, this hearsay testimony was not admissible before the jury. See *Roberts v. State*, 545 S.W.2d 157 (Tex.Cr.App. 1977). However, in view of the whole record, the admission of this rather innocuous bit of hearsay evidence does not show reversible error. The evidence before the jury was clear that, although the appellant had been charged with the robbery, these charges had been dropped when the victim did not identify the appellant as the robber. Moreover, hearsay evidence similar to and more harmful than that about which complaint is made was elicited before the jury without objection. We have concluded that reversible error is not shown.

The appellant complains that the trial court erred in overruling his motion to have his punishment assessed and to be sentenced under V.T.C.A. Penal Code, Section 22.01(a)(3) and (b).

The alleged offense, a violation of Article 1147(1), V.A.P.C. (1925) was committed on September 13, 1973; the trial was on June 17, 1974, after the effective date of the new penal code. Although the appellant was indicted and convicted under the provisions of the former penal code, he had the right to elect, and did elect, to be punished under the provisions of the new penal code. V.T.C.A. Penal Code, Savings Provision, Section 6(A); *Wright v. State*, 527 S.W.2d 859 (Tex.Cr.App.1975); *Jefferson v. State*, 519 S.W.2d 649 (Tex.Cr.App.1975). If the offense or "conduct" under the former penal code for which the appellant was convicted is a violation of more than one section of the new code, the court, in assessing punishment, must determine from the evidence which section of the new code is applicable. *Wright v. State*, supra; *Ambers v. State*, 527 S.W.2d 855 (Tex.Cr.App. 1975); *Bishoff v. State*, 531 S.W.2d 346 (Tex.Cr.App.1976).

Since there is no evidence that the officer who was the victim of the assault received bodily injury, the appellant's punishment could not be assessed under the provisions of V.T.C.A. Penal Code, Section 22.02. Although the appellant's conduct may have constituted violation of the provisions of V.T.C.A. Penal Code, Section 22.01, his conduct also constituted an offense under the provisions of V.T.C.A. Penal Code, Section 38.03, which provides, in part:

"(a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another.

"(b) It is no defense to prosecution under this section that the arrest or search was unlawful."

The punishment assessed was appropriate; the court did not err in overruling the appellant's motion to be punished under the provisions of V.T.C.A. Penal Code, Section 22.01(a)(3) and (b).

Next, the appellant complains that the trial court erred in overruling his motion to suppress evidence, as there was no probable cause to stop the vehicle in which he was a passenger, and there was no probable cause to arrest the appellant after the vehicle was stopped. Since the appellant fails to state what evidence, if any, was obtained as a result of the alleged unlawful arrest and what evidence, if any, obtained incident to the alleged unlawful arrest was introduced, we perceive no error in the overruling of his motion to suppress. A reversal of the judgment is necessary when fruits of a search and seizure made incident to an unlawful arrest are admitted over a timely objection, but an unlawful arrest itself does not necessarily require the reversal of a judgment of conviction. See *Stiggers v. State*, 506 S.W.2d 609 (Tex.Cr.App. 1974); *Mortier v. State*, 498 S.W.2d 944 (Tex.Cr.App.1973). However, at the time of his arrest, which was before the effective date of the new penal code, the appellant had the right to defend himself against an unlawful arrest. The appellant urged this defense, and a charge submitting the appellant's right to resist an unlawful arrest was submitted to the jury.

The judgment is affirmed.

Opinion approved by the Court.