Vernon Ellis WEAVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–90–01277–CR.

Court of Appeals of Texas,
Dallas.

Jan. 6, 1992.

Rehearing Denied Feb. 18, 1992.

Douglas H. Parks, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before ROWE,[1] THOMAS and BURNETT, JJ.

## OPINION

THOMAS, Justice.

After a jury convicted Vernon Ellis Weaver of aggravated assault, the trial court assessed punishment at three years' confinement and a $1,000 fine. In a single point of error, Weaver contests the constitutionality of the statutory exemption from jury service for persons over sixty-five years of age. We overrule the point of error and, accordingly, affirm the trial court's judgment.

## WEAVER'S CLAIMS

Weaver contends that the trial court erred in failing to quash his indictment and declare unconstitutional the exemption for persons over sixty-five years of age. He argues that the exemption deprives him of a venire panel representative of a fair

cross-section of the community. Weaver further asserts that the statute granting the exemption violates his rights under the Sixth and Fourteenth Amendments to the United States Constitution and article 1, sections 3,[2] 3a,[3] and 10 [4] of the Texas Constitution.

The exemption is authorized by sections 62.106 and 62.108 of the Texas Government Code. Section 62.106 allows a person qualified to serve as a petit juror to establish an exemption from jury service if he is over sixty-five years of age. TEX. GOV'T CODE ANN. § 62.106 (Vernon 1988). Section 62.-108 allows such persons to establish a permanent exemption by filing a statement with the county tax assessor-collector or with a clerk of a court. TEX. GOV'T CODE ANN. § 62.108 (Vernon 1988); see also TEX. GOV'T CODE ANN. § 62.107 (Vernon 1988).

## FAIR CROSS–SECTION OF THE COMMUNITY

■ We first address Weaver's claim that the exemption violated the Sixth Amendment to the United States Constitution and article 1, section 10 of the Texas Constitution.[5] The Sixth Amendment entitles defendants to object to a venire that is not designed to represent a fair cross-section of the community. Holland v. Illinois, 493 U.S. 474, 110 S.Ct. 803, 805, 107 L.Ed.2d 905 (1990). To establish a prima facie violation of the fair-cross-section requirement, a defendant must show that: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in venires

<hr />

1. The Honorable Gordon Rowe, Justice, participated in this case at the time it was submitted for decision. Due to Justice Rowe's resignation on December 2, 1991, he did not participate in the issuance of this opinion.

2. Section 3, "Equal rights," states: "All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

3. Section 3a, "Equality under the law," states: "Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative."

4. Section 10, "Rights of accused in criminal prosecutions," provides, in relevant part, that the accused shall have "a speedy public trial by an impartial jury."

5. There is no significant textual difference between the pertinent parts of article 1, section 10 of the Texas Constitution and the Sixth Amendment to the United States Constitution. Article 1, section 10 provides the same protection as the Sixth Amendment with regard to an impartial jury made up of a fair cross-section of the community. Marquez v. State, 725 S.W.2d 217, 243 (Tex.Crim.App.), cert. denied, 484 U.S. 872, 108 S.Ct. 201, 98 L.Ed.2d 152 (1987).

from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) this underrepresentation is due to systematic exclusion of the group in the jury-selection process. *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979). If Weaver fails to demonstrate any of these elements, he fails to establish a prima facie violation of the fair-cross-section requirement. *Timmel v. Phillips*, 799 F.2d 1083, 1086 (5th Cir.1986).

■ Because Weaver's evidence does not establish all three elements, he has failed to show a constitutional violation. First, Weaver has failed to show that persons over sixty-five years of age are a "distinctive" group. Weaver offered no evidence to suggest that some common thread of shared experience or political, social, or religious viewpoint binds this group together to make it distinct from any other age group. *U.S. ex rel. Silagy v. Peters*, 713 F.Supp. 1246, 1251 (C.D.Ill. 1989); *see also United States v. Blair*, 493 F.Supp. 398, 406 (D.Md.1980) (defendants did not show that persons between the ages of eighteen and twenty-nine possess a cohesiveness of attitudes that would create a distinct group). The United States Supreme Court has not defined what constitutes a distinctive group. *Silagy*, 713 F.Supp. at 1251. *But see Holland*, 110 S.Ct. at 810 (Court, in dicta, stated that the defendant's "Sixth Amendment claim would be just as strong if the object of the exclusion had been, not blacks, but postmen, or lawyers, or clergymen, or any number of other identifiable groups"). However, a federal court that considered the constitutionality of exemptions for the elderly held that the group does not constitute a distinctive group for *Duren* purposes. *Silagy*, 713 F.Supp. at 1250. "While the elderly have much to offer in terms of life experiences and exposure that make their contribution to all aspects of life, including jury service, invaluable, they cannot be classified as an identifiable segment on age alone." *Silagy*, 713 F.Supp. at 1251. We agree that persons over sixty-five years of age do not constitute a "distinctive" group for *Duren* purposes. Ac-

cordingly, we hold that Weaver has failed to raise a prima facie violation of the fair-cross-section requirement.

■ Even if persons over sixty-five years old were held to constitute a distinctive group, Weaver still has not met the second *Duren* element. To establish this second prong, "the defendant must demonstrate the percentage of the community made up of the group alleged to be underrepresented, for this is the conceptual benchmark for the Sixth Amendment fair-cross-section requirement." *Duren*, 439 U.S. at 364, 99 S.Ct. at 668. In *Duren*, the defendant's statistical presentation showed that, in the relevant community, slightly over half of the adults were women. *Duren*, 439 U.S. at 365, 99 S.Ct. at 668. In contrast, females constituted less than fifteen percent of the persons on the weekly venires when the defendant's jury was chosen. *Duren*, 439 U.S. at 362, 99 S.Ct. at 667. The Court held that such a gross discrepancy between the percentage of women in jury venires and the percentage of women in the community requires the conclusion that women were not fairly represented in the source from which petit jurors were drawn. *Duren*, 439 U.S. at 366, 99 S.Ct. at 669.

In the instant case, Weaver's only evidence was an agreement to stipulate evidence, which was introduced at the pretrial hearing. It stated that, if called, the manager of court jury services of Dallas would testify to the following: (1) that she has care, custody, and control of Dallas County jury records; (2) that certain prospective jurors summoned for service beginning the week of trial will elect to exercise their right under section 62.106 to be exempted from jury service because they are over sixty-five years old; (3) that the elections will be accepted, and the judge will excuse them; (4) that other prospective jurors in the past have claimed a permanent exemption pursuant to section 62.108 and have been removed from the pool of prospective jurors because they are over sixty-five years old; and (5) that these potential jurors were, or will be, automatically excluded in this case solely because of the exemp-

tions from jury service based on age. The stipulation does not show the percentage of the community of eligible jurors made up of persons over sixty-five years old. *Duren*, 439 U.S. at 364, 99 S.Ct. at 668. Nor does the stipulation show the group's representation in venires from which juries are selected. *See Timmel*, 799 F.2d at 1086; *see also Johnson v. State*, 548 S.W.2d 700, 704 (Tex.Crim.App.1977) (the appellant did not show discrimination against a distinct, identifiable class in the venire where he merely showed that of 300 people called for jury duty, six percent claimed an optional exemption for women with young children and two percent claimed an optional exemption for college students; this does not show that the panels failed to represent a fair cross-section of the community). Thus, Weaver has not established that "the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community." *Duren*, 439 U.S. at 364, 99 S.Ct. at 668. Because Weaver failed to establish the first and second *Duren* prongs, we hold that Weaver did not establish a prima facie violation of the Sixth Amendment's fair-cross-section requirement.[6]

## CLAIMS UNDER THE TEXAS CONSTITUTION

■ We next address whether the age-based classification in the exemption violates article 1, sections 3 and 3a of the Texas Constitution. Initially, we note that the Texas Court of Criminal Appeals has held that optional exemptions for women with small children and for college students are reasonable and do not violate the Texas Constitution's equal protection and equal rights clauses. *Johnson*, 548 S.W.2d at 704. The *Johnson* court stated that section 3a, the equal rights clause, only requires that jury exemptions based on sex be reasonable in relation to their intended purpose. *Johnson*, 548 S.W.2d at 703.

■ A legislative classification based on age is constitutionally permissible if it is reasonable, not arbitrary, and rests upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced are treated alike. *Texas Woman's Univ. v. Chayklintaste*, 530 S.W.2d 927, 928 (Tex.1975); *Fazekas v. University of Houston*, 565 S.W.2d 299, 307 (Tex.Civ. App.—Eastland 1978, no writ); *see also Boutwell v. State*, 653 S.W.2d 100, 103 (Tex.App.—Austin 1983), *rev'd on other grounds*, 719 S.W.2d 164 (Tex.Crim.App. 1985). When no suspect categories are involved, any rational basis may justify the classification. *Texas Woman's Univ.*, 530 S.W.2d at 928; *Fazekas*, 565 S.W.2d at 307–08. In the absence of a suspect classification, a state law is not repugnant to the equal protection clause so long as unequal treatment of persons is based upon a reasonable and substantial classification of persons. *Vasquez v. State*, 739 S.W.2d 37, 43 (Tex.Crim.App.1987). Age has never been held to be a suspect classification requiring strict scrutiny under an equal protection analysis; therefore, any rational basis may justify the classification. *Walker v. Employees Retirement System*, 753 S.W.2d 796, 797 (Tex.App.—Austin 1988, writ denied).

The State has a legitimate interest in providing exemptions from jury service because it provides an orderly and efficient method of speeding up the operation of the overloaded judicial system. *Johnson*, 548 S.W.2d at 703. If persons over the age of sixty-five were not granted this exemption, they would have to personally and individually present any claims of hardship to the court under section 62.110 of the Government Code. *Johnson*, 548 S.W.2d at 703. We cannot say that persons over sixty-five years of age should not be permitted to voluntarily excuse themselves when, in their judgment, the requirement to serve on jury duty would entail undue hardship or extreme inconvenience. *See United States v. Eskew*, 460 F.2d 1028, 1029 (9th

---

**6.** *See also Patterson v. State,* 598 S.W.2d 265, 272 (Tex.Crim.App.1980) (citing *Johnson,* 548 S.W.2d 700) (overruling appellant's contention

that the exemptions from jury service provided in what is now section 62.106 deny appellant the right to trial by an impartial jury).

Cir.1972) (considering whether exemptions for persons over seventy violated the Jury Selection and Service Act of 1968).

We conclude that the age-based classification bears a fair and substantial relation to the objects that the legislation was designed to accomplish, that it is based upon a reasonable and substantial classification of persons, and that it is rationally related to its objective. *Vasquez,* 739 S.W.2d at 43; *Texas Woman's Univ.,* 530 S.W.2d at 928; *Fazekas,* 565 S.W.2d at 308. Thus, we hold that the age-based classification is constitutionally permissible.

Because we hold that Weaver did not establish a violation of the fair-cross-section requirement and that the statutory exemption is permissible under the Texas Constitution's equal protection clause, the point of error is overruled. Accordingly, the trial court's judgment is affirmed.