TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-95-00266-CR







Jerry Gonzales, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 94-2930-2, HONORABLE ROBERT F. B. (SKIP) MORSE, JUDGE PRESIDING







 Appellant's motion for rehearing is granted and the opinion and judgment of this
Court dated March 13, 1996, are withdrawn.

 Appellant Jerry Ignacio Gonzales entered into a plea bargain agreement with the
State which was accepted by the trial court. On appellant's plea of nolo contendere he was
convicted of the misdemeanor offense of driving a motor vehicle in a public place while
intoxicated. Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568,
1575 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), since amended and codified at Tex. Penal Code
Ann. § 49.04 (West 1994)). The trial court assessed punishment at confinement in the county jail
for six months and a fine of $2,000; the confinement and $1,250 of the fine were probated for 24
months. Appellant, in three points of error, asserts that the trial court erred in failing to suppress
evidence because appellant was unlawfully arrested without a warrant and without probable cause. 
We will overrule appellant's points of error and affirm the judgment of the trial court.

 The only facts concerning the offense that are in the record are the facts developed
in the hearing of appellant's motion to suppress evidence. We summarize those facts. On July
23, 1994, at about 7:45 p.m., Department of Public Safety Trooper Lewis Hodges was dispatched
to a one car accident at the intersection of Farm to Market Roads 1660 and 973 in southeast
Williamson County, There he observed a 1994 maroon Mustang, which appeared to be
"totaled," that had run off the road and struck a tree. Appellant was lying on the side of the road
being attended by emergency medical service personnel. Appellant and the two passengers who
had been riding in the car told Trooper Hodges that appellant had been driving the car. Trooper
Hodges smelled the odor of an alcoholic beverage on appellant's breath and noticed that
appellant's speech was slurred. The emergency medical service personnel took appellant to a
hospital in Taylor. Trooper Hodges "took care of the scene and had the vehicle towed." He then
followed the emergency medical service vehicle to the hospital. At the hospital, the eleven-year-old passenger said that appellant had been driving seventy miles per hour and that he wrecked the
car because he was driving too fast. Trooper Hodges, who had been certified as competent to
administer the horizontal gaze nystagmus test, administered that test to appellant and asked
appellant to recite the alphabet. Trooper Hodges testified that appellant failed the horizontal gaze
nystagmus test in every respect. Appellant recited most of the alphabet with a slight slur, but his
voice trailed off toward the end so that Trooper Hodges could not understand appellant. 

 Based on the evidence at the scene of the wreck and the two sobriety tests, Hodges
concluded that appellant was intoxicated and told him he was under arrest for driving while
intoxicated. Trooper Hodges then observed a registered nurse draw a specimen of appellant's
blood which Hodges later took to a Department of Public Safety laboratory. The hospital released
appellant and Trooper Hodges took appellant to the Williamson County jail. Officers at the jail
refused to incarcerate appellant because of their concern that he might have serious internal
injuries. Trooper Hodges then gave appellant a court citation and released him.

 Appellant's pretrial motions include a motion to suppress the results of the blood
test and a general motion to suppress evidence. These motions alleged that blood and other
evidence had been obtained incident to an unlawful arrest and were therefore not admissible in
evidence. After hearing the evidence offered on the hearing of the motion to suppress, the trial
court denied them. Appellant then entered his plea of nolo contendere and no evidence concerning
the commission of the alleged offense was offered at this hearing. Appellant has preserved his
right to appeal from the trial court's order denying his pretrial motions to suppress evidence. See
Lemmons v. State, 818 S.W.2d 58 (Tex. Crim. App. 1991).

 In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may accept or reject any or all of a
witness's testimony or evidence offered. Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App.
1993). In reviewing the trial court's decision, an appellate court does not engage in its own
factual review; it determines only whether the record supports the trial court's findings. Romero,
800 S.W.2d at 543. The appellate court is not at liberty to disturb supported findings of fact
absent an abuse of discretion. Etheridge v. State, 903 S.W.2d 1, 15 (Tex. Crim. App. 1994);
Cantu v. State. 817 S.W.2d 74, 77 (Tex. Crim. App. 1991). The appellate court should not defer
merely to the trial court's findings regarding the historical facts but also to the trial court's
conclusions regarding the legal sufficiency of those facts. Dubose v. State, 915 S.W.2d 493, 497
(Tex. Crim. App. 1996); State v. Carter, 915 S.W.2d 501, 504 (Tex. Crim. App. 1996). The
appellate court will normally address only the question of whether the trial court improperly
applied the law to the facts. Romero, 800 S.W.2d at 543. If the trial court's decision is correct
on any theory of the law applicable to the case, it will be sustained even though the trial court may
have given the wrong reason for its ruling. Id.; Calloway v. State, 743 S.W.2d 645, 651-52 (Tex.
Crim. App. 1988).

 The horizontal gaze nystagmus test and the recitation of the alphabet test were
administered to appellant before he was arrested during the officers investigation to determine
whether there was probable cause to arrest appellant. We have held that an officer may rely upon
the horizontal gaze nystagmus test in deciding whether to arrest a driver for being intoxicated. 
State v. Welton, 774 S.W.2d 341, 343-44 (Tex. App.--Austin 1989, pet. ref'd). Contrary to
appellant's arguments, evidence of the results of these sobriety tests was admissible on the hearing
of the motions to suppress. The trial court could consider these sobriety tests with the other
evidence. After reviewing the record and applying the appropriate standard, we conclude that the
trial court did not abuse its discretion in finding probable cause for appellant's arrest and in
denying appellant's motions to suppress evidence. Appellant's first point of error is overruled.

 In his remaining points of error, appellant contends that: "The trial court erred in
not granting appellant's motions to suppress evidence because even if probable cause existed to
believe appellant was intoxicated, chapter 14 of the Texas Code of Criminal Procedure required
the officer to obtain an arrest warrant," and "The trial court erred in not granting appellant's
motion to suppress the blood test results because even if probable cause existed to authorize an
arrest for public intoxication, the appellant was not required to provide a specimen of blood for
a public intoxication arrest."

 Reversible error may be shown when the fruits of a search and seizure made
incident to an unlawful arrest are admitted in evidence over a timely objection. Johnson v. State,
548 S.W.2d 700, 706 (Tex. Crim. App. 1977). However, evidence of an unlawful arrest is not
in itself reversible error; it is the admission of the fruits of the unlawful arrest that constitutes
error. Id.; McDonald v. State, 513 S.W.2d 44, 45 (Tex. Crim. App. 1974); Anderson v. State,
501 S.W.2d 327, 328 (Tex. Crim. App. 1973); Mortier v. State, 498 S.W.2d 944, 945 (Tex.
Crim. App. 1973); Ellis v. State, 714 S.W.2d 465, 470 (Tex. App.--Houston [1st Dist.] 1986, pet.
ref'd); Hamm v. State, 709 S.W.2d 14, 15 (Tex. App.--Corpus Christi 1986, no pet.). "It is well
established that a claim of unlawful arrest standing alone, does not necessarily implicate the
validity of a criminal prosecution following the arrest." Mackey v. Dickson, 47 F.3d 744, 746
(5th Cir. 1995). An unlawful arrest per se is not cause for reversal. Lyles v. State, 582 S.W.2d
138, 143 (Tex. Crim. App. 1979). We have searched the record and cannot find that evidence
of the result of a blood test was admitted in evidence. Appellant has failed to call our attention
to any place in the record where the result of a blood test was admitted in evidence. The record
does not show that the blood specimen was analyzed or if it were, the result. Therefore, even if
we were to find that an unlawful arrest was made, reversible error has not been shown because
no unlawfully obtained evidence was admitted.

 Evidence of appellant's guilt is sufficient without evidence of the blood test. See
Tex. Code Crim. Proc. Ann. art. 27.14(a) (West 1989). A plea of guilty or nolo contendere in
a misdemeanor case constitutes an admission of every element of the charged offense and is
conclusive of the defendant's guilt. Dees v. State, 676 S.W.2d 403, 404 (Tex. Crim. App. 1984);
Avila v. State, 884 S.W.2d 896, 897 (Tex. App.--San Antonio 1994, no pet.); Perez v. State, 831
S.W.2d 884, 886 (Tex. App.--Houston [14th Dist.] 1992, no pet.). 

 Appellant's points of error are overruled. Appellant has failed to show that the trial
court abused its discretion in denying his motions to suppress. 

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Aboussie, Kidd and Dally*

Affirmed

Filed: November 20, 1996

Do Not Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



iver for being intoxicated. 
State v. Welton, 774 S.W.2d 341, 343-44 (Tex. App.--Austin 1989, pet. ref'd). Contrary to
appellant's arguments, evidence of the results of these sobriety tests was admissible on the hearing
of the motions to suppress. The trial court could consider these sobriety tests with the other
evidence. After reviewing the record and applying the appropriate standard, we conclude that the
trial court did not abuse its discretion in finding probable cause for appellant's arrest and in
denying appellant's motions to suppress evidence. Appellant's first point of error is overruled.

 In his remaining points of error, appellant contends that: "The trial court erred in
not granting appellant's motions to suppress evidence because even if probable cause existed to
believe appellant was intoxicated, chapter 14 of the Texas Code of Criminal Procedure required
the officer to obtain an arrest warrant," and "The trial court erred in not granting appellant's
motion to suppress the blood test results because even if probable cause existed to authorize an
arrest for public intoxication, the appellant was not required to provide a specimen of blood for
a public intoxication arrest."

 Reversible error may be shown when the fruits of a search and seizure made
incident to an unlawful arrest are admitted in evidence over a timely objection. Johnson v. State,
548 S.W.2d 700, 706 (Tex. Crim. App. 1977). However, evidence of an unlawful arrest is not
in itself reversible error; it is the admission of the fruits of the unlawful arrest that constitutes
error. Id.; McDonald v. State, 513