IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1322-04






JEFFREY TORRES, Appellant



v.



THE STATE OF TEXAS





ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


WHARTON COUNTY






Holcomb, J., filed a dissenting opinion, in which Keller, P.J., joined.




 I respectfully dissent. In my view, the court of appeals erred in holding that the trial court
erred in denying appellant's motion to suppress. I would reverse the judgment of the court of
appeals and affirm the judgment of the trial court.

 The record reflects the following relevant facts. On October 23, 2000, appellant was charged
by information with driving while intoxicated. (1) On May 17, 2001, appellant filed a boilerplate
pretrial motion to suppress "any and all evidence seized or obtained as a result of illegal acts." 
Appellant did not specify in the motion what evidence he wanted suppressed, but, citing the Fourth
Amendment, he asserted that the evidence in question was the fruit of a warrantless arrest made
without probable cause. (2)

 On November 28, 2001, the trial court held a hearing on appellant's motion to suppress. 
Trooper William E. Sulak of the Department of Public Safety (DPS) was the only witness who
testified at that hearing. According to Trooper Sulak, the DPS dispatcher for Wharton County
contacted him at 2:38 a.m. on October 5, 2000, and directed him to investigate an accident that had
occurred just off a county road in a rural part of the county. Sulak proceeded to the scene of the
accident in his patrol car, and, upon arriving at the scene at 3:07 a.m., he found evidence of a one-car
traffic accident. From the evidence at the scene, it appeared to Sulak that a car had left the public
roadway, traveled approximately 150 feet toward a private residence, and had then collided with the
porch of the residence, damaging it. Sulak also found appellant, the apparent driver of the car
involved in the accident, sitting in the back seat of a deputy sheriff's patrol car. Two deputy sheriffs,
who had arrived at the scene earlier, told Sulak that appellant was, in their opinion, "very
intoxicated." After speaking with the deputy sheriffs and the owner of the residence, Sulak asked
appellant what had happened, and appellant responded that he had just come from "Lucky's," that
he "was not familiar with the road," and that he had "made a wrong turn." Shortly thereafter, Sulak
placed appellant under arrest. 

 At the conclusion of the evidentiary portion of the suppression hearing, appellant argued to
the trial court that it should suppress "everything that happened out there that evening and
subsequently" because the State had failed to prove that Sulak had had probable cause to support his 
warrantless arrest of appellant. The trial court denied appellant's motion. (3) 

 On December 6, 2001, appellant pled guilty, pursuant to a plea bargain, to the offense alleged
in the information. The trial court assessed appellant's punishment at incarceration for 180 days,
probated for one year. The trial court also gave appellant permission to appeal from the denial of
his pretrial motion to suppress. 

 On direct appeal to the Thirteenth Court of Appeals, appellant reiterated his argument that
the State had failed to prove that Sulak had had probable cause to support the arrest. On June 17,
2004, that court, in an unpublished opinion, accepted appellant's argument and reversed the
judgment of the trial court:

 Sulak testified that at some point after arriving at the scene of the accident,
the deputies told him that Torres was very intoxicated. The record does not reflect
how the deputies came to this conclusion. Sulak did not remember whether the
occupants of the residence also mentioned Torres's condition. At the scene, Sulak
did not ask Torres whether he had been drinking and did not otherwise administer
any field sobriety tests. There was no testimony concerning Torres's physical
appearance at the scene. . . .

 * * *


 We hold that the trooper did not articulate sufficient facts to support probable
cause to arrest appellant. His warrantless arrest was therefore illegal. We hold that
the trial court erred in denying appellant's motion to suppress.


Torres v. State, No. 13-02-070-CR (Tex.App.-Corpus Christi 2004), slip op. at 6 & 9.

 On February 9, 2005, we granted the State's petition for discretionary review in order to
determine whether the court of appeals erred in its Fourth Amendment probable cause analysis. The
majority of this Court now holds that the court of appeals did not err.

 Under the Fourth Amendment, "[p]robable cause [to arrest] exists where the facts and
circumstances within . . . the officers' knowledge and of which they had reasonably trustworthy
information are sufficient in themselves to warrant a man of reasonable caution in the belief that an
offense has been or is being committed." Brinegar v. United States, 338 U.S. 160, 175-176 (1949)
(some internal punctuation omitted). In my view, given the evidence adduced at the suppression
hearing, the trial court could have properly concluded that, at the moment Trooper Sulak arrested
appellant, Sulak had probable cause to support that arrest. 

 According to Sulak's testimony, at the moment he arrested appellant, he knew (1) that
appellant, in the wee hours of the morning, had just left an establishment known as "Lucky's"; (2)
that appellant had driven his vehicle off the public roadway 150 feet and had then collided with a
house; (3) that appellant's only explanation for this bizarre circumstance was his "unfamiliarity"
with the public roadway and his accidental "wrong turn" off that roadway; and (4) that two deputy
sheriffs at the scene, who had obviously been talking with appellant, had concluded that he was "very
intoxicated." Given this information, a reasonable law enforcement officer could scarcely have come
to any conclusion other than that appellant had probably been driving while intoxicated. Indeed,
even in the absence of the deputy sheriffs' opinions regarding appellant, Sulak could have
reasonably concluded that, more likely than not, appellant's explanation for the accident was less
than completely truthful and that appellant, had he had the normal use of his mental and physical
faculties, would not have turned off the county road as he did, would not have driven 150 feet toward
a private residence as he did, and would not have crashed into that residence as he did.

 I respectfully dissent.


DELIVERED DECEMBER 7, 2005

PUBLISH 
1. Texas Penal Code § 49.04 provides that "[a] person commits an offense if the person is
intoxicated while operating a motor vehicle in a public place." Texas Penal Code § 49.01(2)(A)
defines "intoxicated" as "not having the normal use of mental or physical faculties by reason of
the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of
two or more of those substances, or any other substance into the body."
2. Any arrest must, of course, be supported by probable cause. Beck v. Ohio, 379 U.S. 89,
91 (1964).
3. Since appellant never specified in the trial court what evidence he wanted suppressed, it
may be that the trial court could have properly denied his motion to suppress on that basis alone. 
See Johnson v. State, 548 S.W.2d 700, 706 (Tex.Crim.App. 1977) (appellate court perceives no
error in trial court's denial of motion to suppress "[s]ince the appellant fails to state what
evidence, if any, was obtained as a result of the alleged unlawful arrest and what evidence, if any,
obtained incident to the alleged unlawful arrest was introduced [at trial]"); W. LaFave, Search
and Seizure: A Treatise on the Fourth Amendment §11.2(a) at 35 (4th ed. 2004) (a motion to
suppress "must of course identify the items which the defendant seeks to suppress").