

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00202-CR

SHANNON LEWIS BURNS                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Shannon Lewis Burns appeals his conviction for engaging in organized criminal activity. In one issue, Burns argues that the trial court abused its discretion by denying his motion to suppress. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. BACKGROUND

After receiving information from two "smurfs"[2] that Burns was engaged in the manufacturing of methamphetamine, police officer Shane Cartwright obtained a warrant to search Burns's residence. There, Cartwright discovered copious amounts of evidence that someone was manufacturing methamphetamine. Based in part on this evidence, a grand jury returned an indictment authorizing the State to pursue charges against Burns for engaging in organized criminal activity with the underlying offense being the manufacturing of methamphetamine in an amount of 400 grams or more.

Burns entered a plea agreement with the State whereby he would plead guilty to engaging in organized criminal activity for the manufacturing of methamphetamine in an amount between one and four grams. By the terms of his agreement, Burns elected to have a jury assess punishment. He also reserved the right to appeal the trial court's ruling on his motion to suppress. The trial court's certification of his right to appeal dictates that Burns's right to appeal

---

[2]"Smurf" is a law-enforcement colloquialism describing a person who rapidly patronizes multiple stores and purchases the regulated maximum amount of pseudoephedrine from each store, ultimately purchasing illegally-excessive amounts of pseudoephedrine—an ingredient vital to the production of methamphetamine. *Vafaiyan v. State*, No. 02-09-00098-CV, 2010 WL 3432819 at *1, *12 (Tex. App.—Fort Worth Aug. 31, 2010, pet. denied) (mem op., not designated for publication). The term "smurf" owes its reference to generic pseudoephedrine's blue color and small-tablet size, qualities that invoke the Belgian comic franchise, "The Smurfs," which is centered on a fictional colony of small blue creatures that live in mushroom-shaped houses in the forest.

the suppression motion is to punishment only and that Burns "has waived the right of appeal as to guilt innocence."

After Burns pleaded guilty, and after the trial court heard and denied his motion to suppress, the punishment phase of trial commenced. At punishment, the State introduced a diagram of Burns's residence marked with the location of where officers found a methamphetamine production apparatus, as well as numerous photographs depicting Burns's residence and the items related to methamphetamine production found therein. Each time the State introduced these exhibits in evidence, Burns responded with the statements: "No objections" or "No objections, Judge." Burns also stipulated that the State had proven that the substance found at his residence contained over 1,300 grams of methamphetamine. The jury assessed punishment at twenty years' incarceration and a $10,000 fine. The trial court entered judgment accordingly, and this appeal followed.

### III. DISCUSSION

In his sole issue, Burns argues that the trial court erred by overruling his motion to suppress and that he is entitled to a new trial on punishment. The State counters that Burns waived any potential error for our review when he affirmatively stated, "No objections," numerous times as the State presented evidence of methamphetamine production discovered at Burns's residence during the officers' search. We conclude that Burns waived any potential error for our review.

3

A trial court's ruling on a motion to suppress, like any ruling on the admission of evidence, is subject to review on appeal for abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). In other words, the trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008). A motion to suppress is nothing more than a specialized objection to the admissibility of evidence. *Moreno v. State*, 124 S.W.3d 339, 343 (Tex. App.—Corpus Christi 2003, no pet.). Therefore, a motion to suppress must meet the typical procedural requirements of an objection. *Id.* (citing *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995)).

Here, in his suppression motion, Burns never specifically identified what evidence he wanted suppressed. Instead, Burns argued in boilerplate fashion that "[a]ny and all tangible evidence seized by law enforcement officers or others in connection with the detention and arrest of [Burns] . . . and any testimony by the Law Enforcement" should have been suppressed. Even on appeal, Burns does not identify what evidence he claims the trial court should have suppressed. Burns argues only that this court should "remand . . . this case for a new hearing on punishment, with only legitimate evidence." *See Gonzales v. State*, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998) ("If it is not clear . . . what 'the fruits' are, then the appellate court need not address the merits of the claim."); *see also Johnson v. State*, 548 S.W.2d 700, 706 (Tex. Crim. App. 1977) (perceiving no

4

error in the trial court's denial of motion to suppress "[s]ince the appellant fail[ed] to state what evidence, if any, was obtained as a result of the alleged unlawful arrest . . . ."). While it is true that at the suppression hearing, Burns focused his argument on Cartwright's affidavit in support of the warrant to search his residence and Burns specifically mentioned "pseudoephedrine" numerous times, Burns again did not identify what "fruits" he wanted suppressed, stating only that "the motion to suppress should be granted." Burns, by failing to identify what evidence he requests be suppressed, presents nothing for our review. *See Amador v. State*, 275 S.W.3d 872, 874 n.3 (Tex. Crim. App. 2009) ("In the absence of such identification, the State and the trial court are left unaware of how the defendant was harmed by the allegedly illegal government activity.") (citing W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 11.2(a) at 35 (4th ed.2004)).

Furthermore, even assuming that Burns's suppression motion targeted only the "fruits" of what he claimed at the suppression hearing was an illegal search of his residence,[3] Burns has waived any alleged error by the trial court's denial of his motion because Burns affirmatively stated, "No objections," each

---

[3]In his motion, Burns also utilized a boilerplate legal objection, claiming that "[t]he actions of the Law Enforcement Agency violated the constitutional and statutory rights of [Burns] under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure." At the suppression hearing, however, Burns attacked only the validity of Cartwright's affidavit underlying the search warrant.

time the State introduced evidence at the punishment hearing regarding what officers discovered at his residence when they searched, and this court cannot tell whether Burns intended to abandon his suppression objection or whether the State and the trial court understood Burns's affirmative statements as intending to still preserve his suppression objection.

Generally, when a pretrial motion to suppress evidence is overruled, the defendant need not later object at trial to the same evidence in order to preserve error on appeal. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). But when a defendant affirmatively asserts during trial that he has "no objection" to the admission of the complained-of evidence, he forfeits any error in the admission of the evidence despite the pretrial ruling unless the "record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal." *See Thomas v. State*, 408 S.W.3d 877, 885–86 (Tex. Crim. App. 2013) (holding that "if from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood," an "affirmative 'no objection' statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood"); *see also Moraguez*, 701 S.W.2d at 904. Because defense counsel specifically stated, "No objections," to the admission of the State's evidence, and because the record does not plainly indicate an intention not to abandon the

claim of error, we hold that the issue has not been preserved for review. We overrule Burns's sole issue.

## IV. CONCLUSION

Having overruled Burns's sole issue on appeal, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 5, 2014