

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00322-CR

FIDEL VALDES TORRES                                     APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

## FROM THE 271ST DISTRICT COURT OF WISE COUNTY
## TRIAL COURT NO. CR17735

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Appellant Fidel Valdes Torres appeals his conviction for manufacturing and delivering a controlled substance, methamphetamine, in an amount between four and 200 grams. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2017). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background**

While executing a search warrant in July 2013 at a residence in Newark, Texas, Deputy Chad Lanier, a sergeant in the narcotics division at the Wise County Sheriff's Department, arrested Michael Rager, who was already under indictment for other drug charges at the time. After the arrest, Deputy Lanier interviewed Rager, who sought to make a deal in exchange for leniency. The Wise County District Attorney's Office subsequently accepted a deal that required Rager to contact his drug supplier and arrange for a delivery of methamphetamine while under deputy surveillance.

On July 12, 2013, Rager called the supplier and ordered four ounces— approximately 112 grams—of methamphetamine, while deputies listened to the conversation on speaker phone. Rager told the deputies that his supplier was Torres, and he identified the person who spoke on the other end of the telephone as Torres. During the conversation, Rager asked Torres to deliver the methamphetamine to his house in Newark, and Torres confirmed he would be there at 4:30 p.m. Torres failed to arrive at 4:30 p.m. as promised, but at approximately 5:15 p.m. he called and stated that he was running late due to traffic. Just before 6:00 p.m., Torres drove past Rager's house, pulled into a neighbor's driveway, called Rager, and changed the delivery location to a gas station.

When Torres left the neighbor's driveway, Deputy Lanier, who had been conducting surveillance from a vehicle parked outside Rager's home, followed

Torres to the gas station. When Torres reached the gas station, he phoned Rager again to let him know. Deputy Applewhite, who was with Rager when he received Torres's call, relayed this information to Deputy Lanier, who then detained Torres and searched his vehicle. Deputy Lanier testified that he found $255, two cell phones, and a large sandwich baggie containing 110 grams of methamphetamine in Torres's pickup. One of the phones was later verified as the phone used to call Rager to set up the delivery. After the search, Deputy Lanier placed Torres under arrest.

On April 28, 2015, Torres filed a motion to suppress all evidence obtained from his vehicle on the day of the arrest, which the trial court denied. Torres pleaded guilty on May 12, 2016, to manufacturing and delivering a controlled substance, penalty group one, between four and 200 grams. The trial court admitted into evidence photographs depicting the baggie, the inside of Torres's pickup, and the phone used to set up the drug delivery; a CD recording of Lanier's interview with Torres; and the lab test results confirming that the substance in the baggie was methamphetamine. The trial court convicted Torres and sentenced him to 25 years in the Institutional Division of the Texas Department of Criminal Justice.

In his sole issue, Torres contends that the trial court abused its discretion by denying his motion to suppress "because the record does not support its conclusion."

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State* (*Amador I*), 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador I*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

**Substantive Law**

A motion to suppress is merely a specialized objection to the admissibility of evidence. *Rothstein v. State*, 267 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (citing *Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981) (op. on reh'g)). As such, a motion to suppress must meet the ordinary procedural requirements of an objection, in that it must be timely and sufficiently specific. *Moreno v. State*, 124 S.W.3d 339, 343 (Tex. App.—Corpus Christi 2003, no pet.); *see also Maxwell v. State*, Nos. 02-12-00072-CR, -00073-CR, -00074-CR, 2013 WL 6729943, at *5 (Tex. App.—Fort Worth Dec. 19, 2013, no pet.) (mem. op., not designated for publication).

A party forfeits error if (1) the suppression motion makes global or boilerplate arguments supported only by constitutional and statutory provisions,

4

and (2) the party fails to argue any specified grounds during the hearing on the motion to suppress. *Maxwell*, 2013 WL 6729943, at *5 (citing *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005), *cert. denied*, 549 U.S. 861 (2006)). Because a motion to suppress may be denied for lack of specificity alone, a trial court commits no error by denying a motion to suppress that fails to sufficiently specify what evidence should be suppressed. *Johnson v. State*, 548 S.W.2d 700, 706 (Tex. Crim. App. 1977) (holding no error in the overruling of a motion to suppress when the appellant failed "to state what evidence, if any, was obtained as a result of the alleged unlawful arrest"); *see also Amador v. State* (*Amador II*), 275 S.W.3d 872, 874 n.3 (Tex. Crim. App. 2009) ("[A] motion to suppress 'must . . . identify the items which the defendant seeks to suppress.'" (quoting W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.2(a), at 35 (4th ed. 2004)).

## Analysis

Torres points out more than once in his brief that the trial court denied his motion to suppress without granting a hearing, although he does not complain of this as an issue on appeal. We note, however, that code of criminal procedure article 28.01 affords trial courts discretion in determining whether to grant a hearing on a motion to suppress. Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (West 2006); *see Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988) (noting that the granting of a hearing on a motion to suppress is within the trial court's discretion); *Swanson v. State,* 447 S.W.2d 942, 943 (Tex. Crim. App.

5

1969). And a trial court may deny a motion to suppress without having a hearing. *Calloway*, 743 S.W.2d at 649.

In response to Torres's sole complaint on appeal—that the trial court abused its discretion by denying his motion to suppress "because the record does not support its conclusion"—the State responds that Torres failed to preserve error because the motion to suppress was not sufficiently specific on its face. We agree with the State.

In the first paragraph of his motion, Torres sought suppression of "all property, items, and evidence seized by agents of the State of Texas on or about July 12, 2013." In the body of his motion, Torres referred to the items he sought to exclude as "certain items [that] were allegedly removed from the defendant's person or vehicle," "these items," "the items taken in the illegal search," "illegally seized items," "the property seized," and "said property." But nowhere in his motion did Torres specify what evidence he actually wanted excluded. Nor did Torres later articulate "these items" with more specificity at trial. And even on appeal, Torres has failed to identify to us what evidence he claims should have been suppressed by the trial court.

The situation here bears close resemblance to *Burns v. State*, in which we upheld the denial of a motion to suppress when the defendant "never specifically identified what evidence he wanted suppressed." *Burns v. State*, No. 02-13-00202-CR, 2014 WL 2538808, at *2 (Tex. App.—Fort Worth June 5, 2014, no pet.) (mem. op., not designated for publication). In *Burns*, the defendant argued

6

in boilerplate fashion that "[a]ny and all tangible evidence seized by law enforcement officers or others in connection with the detention and arrest of [Burns] . . . and any testimony by the Law Enforcement" should have been suppressed. *Id.* The defendant also did not identify on appeal what evidence should be suppressed. *Id.*

Here, Torres argued in global, boilerplate fashion, that "all property, items, and evidence seized" should be suppressed. *See id.* By failing to specifically identify the evidence he sought to be suppressed—in his motion, at trial, and on appeal—Torres preserved nothing for our review. *See Johnson*, 548 S.W.2d at 706.

For that reason, we overrule Torres's sole issue complaining that there was no evidence to support the denial of his motion. *See Amador II*, 275 S.W.3d at 874 n.3.

## Conclusion

Having overruled Torres's sole issue, we affirm the judgment of the trial court.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  SUDDERTH, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 27, 2017