TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-03-00299-CR







Robert Smith, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 9034055, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING





O P I N I O N 




 Robert Smith appeals his conviction for the offense of delivery of a controlled
substance, for which he was sentenced to five years' imprisonment. In four points of error, Smith
contends that article 35.07 of the Texas Code of Criminal Procedure violates his right to equal
protection by requiring him, but not the prosecution, to present a signed affidavit with his motion
to quash the jury array; that the trial judge's application of the statute violated his right to due
process; that his motion to quash the jury array should have been granted because the use of the
Internet to organize and select juries in Travis County produces unfair and unrepresentative arrays;
and that his trial attorney's failure to comply with the requirements of article 35.07 denied him
effective assistance of counsel. For the reasons that follow, we affirm the judgment of the trial court.


BACKGROUND


 Smith was indicted for intentionally and knowingly delivering a controlled substance
in the amount of less than one gram. Tex. Health & Safety Code Ann. § 481.102(3)(D) (West Supp.
2004), § 481.112(a) (West 2003). The indictment contained two enhancement paragraphs charging
that Smith had previously been convicted of the felony offenses of delivery of a controlled substance
and possession of a controlled substance. Before voir dire, Smith moved to quash the jury array
based on the low percentage of minority representation relative to the population of Travis County
and the use of the Internet in the collection of juror information sheets, claiming that the use of the
Internet in the process results in the underrepresentation of minority and economically disadvantaged
people in the array. He filed this motion pursuant to article 35.07 of the code of criminal procedure. 
See Tex. Code Crim. Proc. Ann. art. 35.07 (West 1989). The trial judge denied the motion but took
judicial notice of the racial makeup of the array. Smith was found guilty by a jury and sentenced to
five years' imprisonment. He appeals the conviction and sentence.


DISCUSSION


Equal Protection and Due Process Claims

 In points of error one and three, Smith challenges the constitutionality of article 35.07
of the code of criminal procedure, arguing that the statute violates his right to equal protection and
that the trial judge's application of the statute violated his right to due process. Article 35.07
provides that a jury array may be challenged only on the ground that the officer summoning the jury
has wilfully summoned jurors with a view to securing a conviction or an acquittal. Id. (1) The statute
requires that all challenges must be in writing distinctly setting forth the grounds of such challenge. 
Id. When a defendant challenges the array, his motion must be supported by his affidavit or the
affidavit of any credible person. Id. This statute does not require the prosecution to provide an
affidavit before challenging the array. See id. Smith argues that article 35.07 violates his
constitutional right to equal protection of laws by unfairly requiring defendants to provide a signed
affidavit but not requiring the same of the State.

 In determining whether a statute is valid, a court will apply a presumption of
constitutionality. See Smith v. State, 898 S.W.2d 838, 847 (Tex. Crim. App. 1995). A statute is
evaluated under strict scrutiny if it implicates a fundamental right or discriminates against a suspect
class. Henderson v. State, 962 S.W.2d 544, 560 (Tex. Crim. App. 1997). A statutory classification
that does not discriminate against a suspect class need only be rationally related to a legitimate
governmental purpose to survive an equal protection challenge. See id. The claimant must establish
clearly that the statute is arbitrary and irrational before an equal protection violation will lie. See
Black v. State, 26 S.W.3d 895, 898 (Tex. Crim. App. 2000). Those attacking the rationality of a
legislative classification have the burden to negate every conceivable basis that might support it. 
Anderer v. State, 47 S.W.3d 60, 66 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd).

 Because criminal defendants are not a suspect class, see Dinkins v. State, 894 S.W.2d
330, 342 (Tex. Crim. App. 1995), article 35.07 of the code of criminal procedure must be upheld if
it is rationally related to a legitimate governmental purpose. Besides establishing that the statute is
not rationally related to a legitimate governmental purpose, Smith must also establish that he is a
member of a group of similarly situated individuals who are being treated differently under the
statute. See Smith, 898 S.W.2d at 847. Smith has not shown that criminal defendants and
prosecutors are similarly situated individuals. As written by the legislature, article 35.07 applies to
all defendants regardless of the crimes with which they have been charged. Defendants enter the
judicial process with a specific array of rights and protections; the prosecution enters with a very
different set of rules and rights. There are a multitude of procedural provisions that apply different
standards for the accused and the prosecution. See, e.g., Tex. Code Crim. Proc. Ann. art. 39.12
(West 1979) (depositions may not be read in court by State unless sworn to "by any credible person,"
but defendant must make oath in person), arts. 44.01, .02 (West 2004) & Tex. R. App. P. 25.2
(circumstances under which State may appeal an order in a criminal proceeding are more limited
than those under which defendant may appeal). We reject Smith's fundamental assertion that
defendants and the prosecution are similarly situated.

 Moreover, Smith was required to show that the legislature has no rational basis for
requiring only defendants to provide a sworn affidavit in order to challenge a jury array under article
35.07. Those attacking the rationality of a legislative classification bear the heavy burden of
negating every conceivable basis that might support it. Anderer, 47 S.W.3d at 66. Smith has failed
to meet his burden. He argues that there is no justification for the legislature's decision to require
a defendant to support his challenge with a sworn affidavit when the prosecution is not required to
do so, but merely asserting a lack of justification is insufficient to sustain his burden on appeal. The
legislature may perceive that it has a legitimate interest in requiring defendants to present affidavits
to raise issues of fact as opposed to allegations, or that it has an interest in preventing defendants
from abusing the judicial system by seeking delay. Because Smith has not demonstrated that he is
among a group of similarly situated individuals who are being treated differently under the statute
or that the legislature lacks a rational basis for the requirement, his equal protection claim fails. 
Point of error number one is overruled.

 Smith next argues that the trial judge violated his right to due process by failing to
conduct a hearing on his motion to quash the array. Article 35.07 provides: "When such challenge
is made, the judge shall hear evidence and decide without delay whether or not the challenge shall
be sustained." Tex. Code Crim. Proc. Ann. art. 35.07. This sentence clearly refers to a defendant's
proper challenge to an array. Smith's failure to present a sworn affidavit in compliance with article
35.07 makes his motion improper, and the trial court is therefore not obligated to hold a hearing
under the statute. Smith's third point of error is overruled.


Jury Selection

 In point of error four, Smith asserts that the trial court erred by denying his motion
to quash the jury array. He argues that the arrays from which juries are selected in Travis County
are not fair and reasonable because of the use of the Internet to organize and select the arrays; he
alleges that economically deprived members of the community are being systematically
underrepresented. The selection of a petit jury from a representative cross-section of the community
is an essential component of the Sixth Amendment right to a jury trial. Taylor v. Louisiana, 419
U.S. 522, 528 (1975); see U.S. Const. amend. VI. To establish a prima facie violation of the
requirement that there be a fair cross-section of the community represented, Smith must show: (1)
that the group alleged to be excluded is a "distinctive" group in the community; (2) that the
representation of this group in venires from which juries are selected is not fair and reasonable in
relation to the number of such persons in the community; and (3) that this underrepresentation is due
to systematic exclusion of the group in the jury-selection process. Pondexter v. State, 942 S.W.2d
577, 580 (Tex. Crim. App. 1996) (citing Duren v. Missouri, 439 U.S. 357, 364 (1979)).

 In his effort to establish that his jury was not selected from a fair cross-section of the
community, Smith argues both that racial minority groups were underrepresented in his jury array
and that economically deprived members of the community are being systematically excluded due
to the use of the Internet in the jury-selection process. The trial court took judicial notice of the fact
that, of the fifty citizens who reported for jury duty in Smith's case, only six identified themselves
as members of a minority group. However, a disproportionate representation of a minority group
in a single jury panel does not alone demonstrate the systematic exclusion of distinctive groups. 
Pondexter, 942 S.W.2d at 581; May v. State, 738 S.W.2d 261, 269 (Tex. Crim. App. 1987). Smith
must show the systematic exclusion of minorities from the jury-selection process to prevail.

 Smith attempts to make such a showing by asserting that the use of the Internet in jury
empaneling results in the systematic underrepresentation of economically deprived members of the
community. However, he fails to establish the first Duren prong: that the economically deprived
individuals whom he claims are adversely impacted by the use of the Internet in the jury process are
members of minority groups. Smith also makes no showing that economically disadvantaged
individuals are a distinctive group, regardless of their racial affiliation. He presents no evidence
suggesting that the economically disadvantaged possess "some common thread of shared experience
or political, social, or religious viewpoint [that] binds this group together to make it distinct from
any other." Weaver v. State, 823 S.W.2d 371, 373 (Tex. App.--Dallas 1992, pet. ref'd).

 Were economically disadvantaged people a distinctive group excluded unfairly from
the jury-selection process by virtue of the use of the Internet, the statute at issue still requires Smith
to make a showing that the exclusion is intentional. Article 35.07 requires a party challenging the
array to show that "the officer summoning the jury has willfully summoned jurors with a view to
securing a conviction or an acquittal." Tex. Code Crim. Proc. Ann. art. 35.07. Smith has neither
made a showing that the use of the Internet is intended to exclude any distinct group within the
community nor presented any evidence that the jury was empaneled with the purpose of securing his
conviction.

 Finally, in order to prevail on an unfair jury-selection claim, Smith must also show
that he was harmed by not obtaining a representative jury. The court of criminal appeals has
consistently required a showing of harm or prejudice for reversal in cases involving jury-selection
procedures. Cooks v. State, 844 S.W.2d 697, 726-27 (Tex. Crim. App. 1992). Smith has presented
no evidence to suggest that the jury that tried him was partial or that he objected to any particular
juror. Point of error four is overruled. 


Ineffective Assistance of Counsel

 In his second point of error, Smith asserts that he was denied his Sixth Amendment
right to effective assistance of counsel when his trial counsel failed to comply with the requirement
of article 35.07 that the defendant's motion to quash the jury array be supported by a sworn affidavit. 
The Sixth Amendment guarantees the right to the reasonably effective assistance of counsel in a state
criminal proceeding. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); see U.S. Const.
amend. VI. In order to prevail on an ineffective-assistance claim, a convicted defendant must show
both that counsel's performance was deficient--which requires showing that counsel made errors
so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth
Amendment--and that the deficient performance prejudiced the defense. Strickland v. Washington,
466 U.S. 668, 687 (1984). The second prong requires a showing that counsel's errors were so
serious as to deprive the defendant of a fair trial. Id. Prejudice is demonstrated when the convicted
defendant shows "a reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different." Id. at 694. 

 An allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999). Although it is possible that a single egregious error of omission or
commission by appellant's counsel constitutes ineffective assistance, see Jackson v. State, 766
S.W.2d 504, 508 (Tex. Crim. App. 1985), whether counsel's actions meet the Strickland test is to
be judged by the "totality of the representation" rather than by isolated acts or omissions of trial
counsel. Thompson, 9 S.W.3d at 813. The test is applied at the time of the trial, not through
hindsight. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Any judicial review
of a defendant's claim of ineffective assistance must be highly deferential to trial counsel. Id. There
is a strong presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Strickland, 466 U.S. at 694-95; Thompson, 9 S.W.3d at 813.

 Smith asserts that his trial counsel, by neglecting to include a signed affidavit with
her motion to quash the jury array as required by article 35.07, failed to satisfy an objective standard
of reasonable performance under prevailing professional norms. The State counters that, because
an allegation of ineffectiveness must be firmly founded in the record, the proper forum for Smith's
complaint is not a direct appeal but a post-conviction writ of habeas corpus. Claims of ineffective
assistance of trial counsel can be properly raised on appeal if the appellate record is sufficiently
developed. Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). Because the total
circumstances surrounding counsel's allegedly defective performance involve the lack of signature
on an affidavit, the record in this case is sufficiently developed such that there is little to be gained
from the writ procedure. Although a reviewing court will not second guess through hindsight the
strategy of counsel at trial, see Blevins v. State, 18 S.W.3d 266, 271 (Tex. App.--Austin 2000, no
pet.), it is difficult to imagine any strategic motivation served by counsel's failure to procure a
signature on the affidavit. 

 However, we do not find it necessary to decide whether Smith's trial counsel's failure
to comply with the requirement of article 35.07 was so serious as to not function as "counsel"
because, regardless, Smith has failed to present evidence of prejudice. He has not shown that there
was a reasonable probability that, but for trial counsel's error, the result of the proceeding would
have been different. Smith cannot demonstrate that if the motion to quash had been properly
pleaded, the jury, or another jury, would have acquitted him. The dearth of evidence supporting
Smith's motion to quash the array, discussed above, would likely have resulted in a denial of his
motion even if the trial court had granted a hearing on it. Furthermore, the existence of evidence
showing Smith taking part in the drug transaction--a videotape taken by the police--greatly reduces
the likelihood that a change in jury would have changed the outcome of the case. Because Smith
cannot meet the second prong of the Strickland test, he cannot establish that his right to effective
counsel under the Sixth Amendment has been violated. His second point of error is overruled.


CONCLUSION


 We hold the requirement that only defendants need support their motion to quash the
jury array with a sworn affidavit does not deny Smith his right to equal protection of laws as
guaranteed by the Fourteenth Amendment to the United States Constitution. We also conclude that
his right to due process was not violated by the trial judge's failure to conduct a hearing on his non-compliant motion to challenge the array. Lastly, the failure of Smith's trial attorney to comply with
the requirements of article 35.07 of the Texas Code of Criminal Procedure did not constitute a denial
of effective assistance of counsel. We affirm the judgment of the trial court.



 _________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: April 22, 2004

Publish

1. Article 35.07 provides in full:


Each party may challenge the array only on the ground that the officer
summoning the jury has willfully summoned jurors with a view to securing a
conviction or an acquittal. All such challenges must be in writing setting forth
distinctly the grounds of such challenge. When made by the defendant, it must
be supported by his affidavit or the affidavit of any credible person. When such
challenge is made, the judge shall hear evidence and decide without delay
whether or not the challenge shall be sustained.


Tex. Code Crim. Proc. Ann. art. 35.07 (West 1989).